WILLIAM JOSLIN, Ex'r, &c., v. CAUGHLIN and BROWN.

Where an executor or administrator makes sale of a slave by virtue of an order of the probate court which was absolutely void, and the vendee of the slave in a suit instituted on the note given for said slave, sets up in bar to the recovery, that the order of the probate court under which the sale was made did not conform to the requirements of the statute, and the plaintiff rejoined that the defendant was in the quiet possession and enjoyment of the slave:— *Held*, that so long as there is no offer to return the slave, the defendant cannot be countenanced in a defence resisting payment of the note for the purchase-money.

IN error from the circuit court of La Fayette county; Hon. P. T. Scruggs, judge.

The opinion of the court, and the points made by counsel, contain a sufficient statement of the facts of the case.

*J. F. Cushman* for appellant.

This case was before the court at a former term, (26 Miss. 134,) but the pleadings in the case at that time presented a different point from those now before the court, the same having been by leave amended. The question decided when the case was heretofore before the court was, as to the sufficiency of notice to legatees when an order of sale had been granted by the probate court, of the slaves of the testator.

The case under the pleadings, now presents the same question in another form; and also the question how far the executor, under the will of testator, may exercise the power of selling the personal effects by the consent of the legatees when an attempt has been made to divide them, and a failure to do so; the legatees all consenting to the sale after due notice given, where all the legatees were present, and no objection being interposed to the sale.

The order of sale in this case was, I contend, unnecessary, as by the will of the testator a sale of the property could be made after an attempt which was made to divide the property among the legatees. The commissioners could not divide the slaves of

the testator of which the girl for which the note in controversy was given, was one of them. Due notice of the sale was given, a sufficient number of bidders were present, among whom were all the legatees or their agents, the sale was fairly made and the property sold for its full value. What more, then, is necessary to constitute a valid sale? The authority to make such a sale under the will of testator without the intervention of the probate court, is, I consider, not an open question before this court. It has heretofore been declared by this tribunal, that a sale of personal property will be considered valid. even if the order of confirmation of the probate court should not show that the requisite notice had been given, or that the sale was made in the manner prescribed by law. *Smith* v. *Denson*, 2 S. & M. 326; Ib. 527; *Gelstrop* v. *Moore*, 26 Miss. 206.

It may, however, be said that the will does not authorize a sale in express words of the personal property of the testator; and this may be so; and still, if the property cannot be divided in kind, how can the legatees get possession of what has been devised to them unless it is sold for division? Who, then, has a right to direct a sale but the legatees? It will be noticed from the will, they are something more than ordinary heirs, as they take by special devise.

The law of the probate court, referred to by the counsel for appellees, has nothing to do with the questions presented in this case as to the power of sale. That statute does not contemplate the devise of property by will, as in this case. It refers to persons " dying intestate," as its words show, and no others.

The defendant Caughlin and his wife, as whose agent he acted in the purchase of the negro girl, ought to be the last persons to raise any objections to the validity of the sale or to the want of notice of the sale; for Patrick Caughlin acknowledges he made the purchase of the girl as his wife's agent, whilst he, Patrick, was the auctioneer who sold the girl and afterwards made affidavit that the sale was " all right," and then sealed their assent to the sale by giving their note under seal with Brown, for the purchase-money of the girl.

The Caughlins acknowledge that they have been and are now in the quiet and uninterrupted possession of the negro girl, and.

have not even tendered the money or the negro to the plaintiff, but desire, it seems, to hold on to both.

There certainly cannot be any law or good reason, and much less of honesty, in sustaining such a decision as this.

*J. H. Viser* on the same side.

The only law under which an executor can proceed for an order of sale of slaves, or other personal property in the probate court, is that contained in the one hundred and ninth section of the act referred to. He is there required, "when it may be necessary to sell, to apply to the orphans' court of the proper county for an order of sale, and upon obtaining the same, to advertise," &c. Nothing is said in regard to notice as a prerequisite ; much less is the order of sale rendered void on failure of the record to show affirmatively that notice was given.

The court erred in the charges given for defendants, and refused for plaintiff. Admit that the legacy was vested; the property was incapable of division without a sale. Had a bill in chancery, or other proper proceeding, been instituted for a partition by one or more of the legatees, the minors and married women jointly interested would have been compelled by the court to consent to a sale. They have only done voluntarily what the court would have compelled them to do. Their consent is, therefore, binding upon them, and the sale was effectual to pass the title of the slave. 2 Kent, Com. 242, 243 ; *Shields* v. *Taylor et al.*, 3 Cushm. R. 13.

But the legacy did not vest until a division was made. Prior to that the title remained in the executor, and a division being found impossible without a sale, the power to sell resulted *ex necessitate rei* to enable the executor to carry out the wishes of the testator. Section 4th. Item of the will. The will was not in the record when this case was before the court on a former occasion. As the record then stood, it did not appear that the executor had power by the will, either expressly, or by implication, to sell. But as the case now stands, it is precisely the same in principle as that of *Gelstrop* v. *Moore,* already referred to.

*Howry* and *Hayes* for appellees.

From the testimony, there could not be a shadow of doubt that the sale of the slave Minerva to defendant was made by plaintiff in the execution of the order of the probate court; and that defendant did not purchase of the plaintiff, as agent of the legatees, at a sale made by them of the slave. It would be a preposterous inference, that because some of the legatees were present at the sale, that therefore they sold the property.

It is the province of the jury to weigh and judge of the testimony. This court has repeatedly held that they will not disturb the verdict of a jury unless there is a great preponderance of the evidence against the verdict. 7 How. 340; 1 S. & M. 22, 400; 3 How. 219; 4 Ib. 11, 338.

The charges which were asked by the plaintiff and refused, all were intended to apply to a sale made by the legatees. As there was no proof of such a sale, the charges asked were irrelevant, and properly ruled out.

In the case of *Kilkuan* v. *Shelby*, 23 Miss. 166, it was holden that in case of voluntary distribution made by distributees among themselves, it was not binding and valid if any of the parties be not capable of binding themselves by contract or by assent, or if they were minors.

In this case two of the claimants were minors, and three of them married women.

Plaintiff alleged in his replication that the defendants were in the possession of the property purchased. There is no proof of this fact, and even if proven, it would not avoid the matters pleaded in defence of the action.

In *Brown* v. *Smith*, 5 How. 387, held, that where there is no express warranty, a defective title may be set up before eviction. Also, *Campbell* v. *Brown*, 6 How. 230, 272, " where land is ordered to be sold by the probate court for division, the defendant being in possession would not preclude the defence of want of title acquired by the sale."

The records of the probate court show that none of the defendants had notice of the application for an order of sale of the negroes for the purpose of division; this was necessary if the sale by order of court was valid. H. & H. P.

But we insist that under the will no sale could have taken

place either with or without an order of sale by the probate court.

This court has decided that the note given by the defendants was void, and the defective plea on which a new trial was granted being withdrawn, and a jury having passed on the testimony under the other issues, this court will not disturb the verdict.

The case of *Gelstrop* v. *Moore*, decided at December term, 1853, and relied on by plaintiff in error, does not apply to this case. In that case, the will authorized a sale of the property for the purpose of division. No such authority is given by the will of John Joslin, deceased, but the property is ordered to be divided among the heirs.

This case was decided since the case of *Gelstrop* v. *Moore* by this court, and by reference to the opinion of the court, it will be seen that the sale was declared void then; nothing has intervened since to change or cure the defects of the sale of the slave Minerva, and the sale not being authorized by the will, or made in pursuance of law or by the legatees who were incapable of consenting, it is void.

Mr. Justice FISHER delivered the opinion of the court.

The note upon which this suit is founded, was given by the defendants to secure the purchase-money agreed to be paid on account of a slave purchased by one of the defendants as agent for his wife at a public sale made by the plaintiff as executor of the last will and testament of John Joslin, deceased.

The defendants insist that this sale was void, and that no title passed to the purchaser of the slave. The plaintiffs, upon the cause being remanded to the court below, replied, among other things, to the plea setting up the invalidity of the sale; that the purchaser still retained the quiet possession and enjoyment of the slave. The defendants demurred to this replication, and the court sustained the demurrer.

It may be safely admitted that the sale was absolutely void; yet so long as there is no offer to return the slave to the plaintiff, the defendants ought not to be countenanced in a defence

Joslin *v.* Caughlin and Brown.

resisting the payment of the note.   The defendants, by their pretended purchase, got possession of the slave.   They show that the plaintiff sold as executor under a void order of the probate court.   If this be true, the property is still unadministered according to law, and they, by retaining possession, prevent the executor from performing his duty, in having the property legally administered or disposed of according to the terms of the will. The executor must make a legal disposition of the slave, or on failure to do so, be answerable in damages.   If he should be held accountable for the value of the slave, then he should be permitted to collect the note as the only means of reimbursing himself.   But it is not necessary that we should decide more than the first point, that the defendants not offering to return the slave have no right to resist payment of the note.

Judgment reversed, demurrer to replication overruled, and cause remanded.