JAMES F. BOHANNON et al., Plaintiffs in Error, *v.* MADISON and WILLIAM FULTON, Defendants in Error.

The purchaser of a slave from an executor cannot avoid the payment of the purchase-money therefor, upon the ground that the sale was illegal and void, and that he derived no title, unless he instantly return, or offer to return the property to the possession of the executor.

IN error to the Circuit Court of Kemper county. Hon. John Watts, judge.

The defendants in error sued the plaintiffs in error, in the Circuit Court of Kemper county, on a promissory note for eleven hundred and sixty-five dollars. The defendants, among other pleas, answered, "that the promissory note sued on was given for a certain slave, named Daniel, which was sold by plaintiffs as administrators with the will annexed, of Samuel Fulton, deceased, on the 7th day of December, 1852, and purchased by defendant, Bo-

hannon; that the slave thus sold, and which was the sole conside-
ration of the note sued upon, was, with several other slaves, be-
queathed by said testator, Samuel Fulton, deceased, to his children,
viz, David, John, Samuel, Hiram, Madison, William Green and
Elizabeth, to be equally divided among them; that a decree for
the sale of all of said slaves, was made by the Court of Probate
of Kemper county, in the State of Mississippi, at the November
Term, 1852, upon the application of the said administrators with
the will annexed of Samuel Fulton, deceased, made to the said
court at said November term, 1852, who represented to the court,
that they wished to sell said slaves, (together with other property,)
for the purpose of paying legacies and effecting a division among
said legatees. That the said decree was made without notice to
the legatees under said will, and that the sale of the slave, Daniel,
as above stated, which is the sole consideration of said note sued
upon, was made by virtue of, and in execution of the said decree;
that the said decree was a nullity, and no title passed under a sale
made pursuant to it. And so defendants say that the considera-
tion of said note has failed."

The other facts are sufficiently stated in the opinion of the
court.

*T. Reavis* and *J. S. Hamm*, for plaintiffs in error,
Cited *Joslin* v. *Caughlin*, 24 Miss. R. 141; 2 Lomax, Ex'r,
179, sect. 3; *Turner* v. *Ellis*, 24 Miss. R. 179; *Gelstrop* v. *Moore*,
26 Ib. 206; *Shattuck* v. *Young*, 2 S. & M. 37; *Gwinri* v. *M'Car-
rell*, 1 Ib. 351; *Graves* v. *Williams*, 2 Ib. 286; *Prentiss* v. *Mel-
lon*, 1 Ib. 521; *Enos* v. *Smith*, 7 Ib. 85; Hutch. Digest, 661,
§ 82.

*Freeman* and *Dixon*, for defendants in error,
Contended, that the plaintiffs in error could take no advantage
of the alleged invalidity of the sale, admitting it to exist, without
an offer to return the slave.

FISHER, J., delivered the opinion of the court.
The defendants in error were sued in the Circuit Court of Kem-

per county, upon a promissory note, which they had given to secure the purchase-money of certain slaves, sold by the plaintiffs as executors, &c.    The defence set up was, that the executors sold the slaves under an order of the Probate Court, made without notice to the legatees under the will, or to the heirs of the deceased. The court overruled a demurrer to the plea, setting up this defence.    But upon a trial upon the merits, a verdict and judgment were rendered for the plaintiffs below.

We have deemed it unnecessary to notice the bill of exceptions, as the defendants below could do no more than prove the truth of their plea; and proving it true, it is still insufficient.  It may be conceded, for the sake of the argument, that the slaves were sold under a void order of the Probate Court, yet the defendants might be liable upon their note.   By their purchase they acquired possession of the slaves; and if the sale was void, they should instantly return the property to the executor, to be administered in due course of law.   The executor stands chargeable with the estate, and, to rid himself of responsibility, he must show a legal administration.   If he should fail to account to the legatees for these slaves, he may be held liable for their value.   Parties, therefore, who set up the illegal action of an executor or administrator, as a defence for not performing their contract, ought either to return or to offer to return the property, which they admit that they have acquired in violation of the rights of others.   Their defence proceeds upon the ground, that the representative of a deceased person should conform to the requirements of the law in disposing of the estate in his hands.   Knowing such to be his duty, and that he has failed in his duty in this respect, every principle of justice and common honesty ought to admonish them to return the property to the representative, that it may be administered according to law; or, if they are not disposed to return it, they ought not to object to paying, according to their contract, as this is the only indemnity which the administrator or executor can have in the event of his being held liable by those interested in the distribution of the estate.

Judgment affirmed, as the result is right.