WILLIAM JOSLIN, Executor, &c., v. CAUGHLIN and BROWN.

1. PLEADING: DUPLICITY.—A replication under the New Pleading Act of 1850, will not be bad for duplicity.

2. EXECUTOR AND ADMINISTRATOR: SALE BY CONSENT OF HEIRS.—A sale of slaves by an executor, under a void order of the Probate Court, is good, if it also be made by the consent and agreement *in pais* of the parties interested.

3. SAME: SALE: DEATH OF SLAVE AND ILL-TREATMENT, NO EXCUSE BEFORE OFFER TO RETURN.—It is a good replication to a plea of the purchaser of a slave at an executor's sale and his surety, setting up as a defence to an action for the purchase-money the invalidity of the sale and the death of the slave, before the irregularity in the sale was discovered, as an excuse for a failure to offer to return the slave to the executor, that the death of the slave was caused by the ill-treatment of the purchaser.

IN error from the Circuit Court of La Fayette county.    Hon. P. T. Scruggs, judge.

*John F. Cushman*, for plaintiff in error,
Cited *Joslin* v. *Caughlin*, 27 Miss. R. 852; S. C. 30 Ib. 502; S. C. 26 Ib. 140; *Hoggins* v. *Bocraft*, 1 Dana, R. 32; *George* v. *Bean*, 30 Miss. R. 147.

*Howry* and *Hayes*, for defendant in error,
Cited 2 Kent, Com. 471; 3 Humph. R. 430; *Henderson* v. *Overton*, 2 Yerg. 394; *Martin* v. *Brady*, Freem. Ch. R. 38; *Brown* v. *Adams*, 1 S. & M. 49; 12 Wheat. 183; 6 S. & M. 128; Comyn, Dig. D. 1, L. 12; 1 Saund. R. 274; *Mosby* v. *Parker*, 2 Smedes, R. 371.

*H. A. Barr*, on same side,
Cited and commented on the previous decisions of this Court in this case, and reported in 26 Miss. R.; 27 Miss. R.; and 30 Miss. R. He also cited *Hudson* v. *Watson*, 4 Cushm. R. 362; *Frost* v. *Doyle*, 7 S. & M. 68.

HANDY, J., delivered the opinion of the court.

This action was brought under the "Pleading Act" of 1850, upon a writing obligatory executed by the defendants in error to the plaintiff in error.

The case has been heretofore several times in this court, and when it last went back for a new trial, the defendants filed an answer stating in substance, that the writing obligatory was given for the purchase-money of a slave sold by the plaintiff, under an order of the Probate Court, which was void for want of notice to the parties interested, the children of the plaintiff's testator—to whom the slave had been bequeathed in the testator's will, the order of sale having been obtained for the purpose of division of the slave among the legatees; and averring that the slave died in December, 1850, a short time before the writing obligatory became due, and before the defendants discovered the illegality in the sale, and therefore that they could not return the slave to the plaintiff.

The plaintiff first demurred to this answer, but the demurrer was overruled, and he then replied in substance, that the slave was sold by the plaintiff by the consent and agreement of all the legatees interested in the slave, and that the writing obligatory was executed accordingly by the defendant Caughlin, who made the purchase at the sale for his wife, who was one of the legatees, all the parties interested as legatees being present at the sale; and that the slave remained in their possession under the purchase for five or six months, during which time they could have offered to return her, and that she came to her death by the ill-treatment, neglect and violence of Caughlin and his wife.

To this replication, the defendants filed a demurrer which was sustained, and judgment rendered for the defendants, the plaintiff declining to reply further.

The first point to be considered is, the objection to the replication; that it is double, in first setting up that the sale was made by the consent of all the legatees, whereby the sale passed a good title to the purchaser, and then setting up the death and loss of the slave, in consequence of the ill-treatment of the purchaser, whereby the defendants are without excuse for the failure to return the slave.

By the common law rules of pleading, the objection to this re-

plication for duplicity would have been well taken. But the Act of 1850, under which the action was brought, materially alters those rules. The fifth section of that Act gives the plaintiff the right, "when the answer shall contain new matter, to reply to it denying generally or particularly each allegation controverted by him," &c., or "to demur to one or more of several defences set up in the answer, and to reply to the residue," &c. These provisions are susceptible of no other construction than that of a radical change of the rules of the common law in relation to double pleading ; and if they mean anything, they must prevent all objection to this replication on that ground.

Looking, then, to the substance of the replication, we think it clear, that it was a good answer to the defence set up in the answer, in both the points set up in it.

First. If the sale was made by the consent of all the legatees interested in the slave, and for the purpose of division among them, (the executor acting by such consent or acquiescence,) such sale would pass the title of all the parties interested to the purchaser, and constitute a sufficient consideration for the writing obligatory, though the executor had not the authority of an order of sale made by the Probate Court. The legatees would be estopped by their consent from denying the title of the purchaser, the executor would be considered as acting as their agent in the matter, and the obligation, though payable to him as executor, would be effectual in his hands as agent, and he would be responsible in that capacity for the money when collected. The replication alleges such a consent by all the parties, of whom the purchaser's wife, for whom the purchase was made, was one ; and as those parties could never be heard to gainsay the validity of a purchase made by their consent, it is plain that there was no failure of consideration for the obligation ; and if the facts stated in the replication be true, that the plaintiff was entitled to recover.

Second. Under the rule heretofore held by this court in this case, with respect to the duty of the defendants to show an offer to return the slave, it is clear that if the replication be true, the excuse, offered in the answer, for the failure to make a return, is not sufficient. That excuse is, that the slave died before the ma-

turity of the debt, and before the discovery by the defendants of the plaintiff's want of power to make the sale. The replication is, that the death was occasioned by the ill-treatment of the defendant. If that be true, the plaintiff has lost the property for which he was accountable, by the unjustifiable conduct of the purchaser; and the purchaser should not be permitted, under such circumstances, to avoid the payment of the purchase money on the ground that he obtained no title. He was bound to restore the plaintiff in his rights, before he could set up the defence of defect of title; and he can certainly take no benefit from his failure to do so, when that failure has arisen from an additional wrong.

The judgment is reversed, the demurrer to the replication overruled, and the cause remanded for further proceedings.