## BARNES v. BARNES.

[68 South. 248.]

EXECUTORS AND ADMINISTRATORS.  *Pleading.*  *Amendment.*  *Allowance.*
  Where an administrator *de bonis non*, brings suit upon a note payable to the former administrator individually, for a horse belonging to the estate, the court should permit him to amend the cause of action so as to sue for the value of the horse.

APPEAL from the circuit court of Pontotoc county. HON. CLAUD CLAYTON, Judge.

Suit by J. F. Barnes as administrator *de bonis non*, against Amanda Barnes. From an order denying leave to amend, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Fontaine & Fontaine,* for appellant.

There was error in the action of the court in sustaining appellee's objection to the reading of the note to the jury, and in refusing to allow appellant to amend his suit so as to sue for the value of the mare, and in giving a peremptory instruction for appellee.

The words "as administrator" added to the name of the payee of a note are merely a *descriptio personae.* And where suit is brought on note may be treated as surplusage. *Falls* v. *Wilson,* 24 Miss. 168, and authorities cited.

The note sued upon was adjudicated by the chancery court of Calhoun county to be assets of the estate of Abigail Barnes, deceased. It was the duty of the administrator *de bonis non,* who was entitled to all of the choses in action, taken, or held by any former administrator, to collect same, and to that end to institute suit thereof. Code 1906, sec. 2032.

He may enforce a sale made by his predecessor and collect the purchase money, and may enforce a statutory

lien created by such sale. *Prestridge* v. *Pendleton,* 24 Miss. 80. *Miller* v. *Helm,* 2 S. & M. 687.

The sale of the mare by the administrator was objected to because the sale was void without any testimony to sustain this objection. The sale was not void, it was ratified by the decree of the chancery court of Calhoun county in ordering appellant to collect the note .sued upon, given for the purchase money. But if mistaken in this, and the sale should be void, appellee could not avoid payment of the purchase money without an offer to return the property. *Bohannon* v. *Fulton,* 30 Miss. 348; *Martin* v. *Tarver,* 43 Miss. 517.

And this must be done upon discovery of the illegality of the sale, especially is this so (as in this case) the property being in the possession of appellee, the purchaser. *Joslin* v. *Cauthlin,* 30 Miss. 502.

But if the note for the purchase money for the mare should be uncollectable on account of the invalidity of the sale by the administrator, then appellant's request to amend his suit so as to sue for the value of the mare, as a part of the unadministered assets of the estate of his intestate, should have been allowed. *Forniquet* v. *Forstall,* 34 Miss. 87.

Amendments should be liberally allowed at any time before verdict, etc., Code 1906, sec. 775; Even to the extent to changing the form of action. *Snider* v. *Duff,* 54 Miss. 245; *Noble* v. *Terrell,* 64 Miss. 830; *Dyer* v. *Britton,* 53 Miss. 270. There was nothing in the case upon which to base a peremptory instruction.

Cook, J., delivered the opinion of the court.

Appellant was administrator *de bonis non* of the estate of Abigail Barnes, deceased. The former administrator had sold a horse, belonging to the estate, to appellee. The note representing the agreed price of the horse was taken payable to the administrator individually. When this note was offered in evidence,

defendant objected, because it was alleged that the sale of the horse by administrator was void.   This objection was sustained by the court.   Plaintiff asked leave to amend the cause of action so as to sue for the value of the horse.   Defendant's objection to this amendment was sustained.   We think the amendment should have been allowed.   *Bohannon* v. *Fulton,* 31 Miss. 348; *Martin* v. *Tarver,* 43 Miss. 517; *Duff* v. *Snider,* 54 Miss. 245; *Noble* v. *Terrell,* 64 Miss. 830, 2 So. 14.

*Reversed and remanded.*