ROBERT MARTIN et al. *v.* E. L. TARVER, Admr., etc.

1. ADMINISTRATOR—HIS POWERS—COMPROMISE WITH DEBTORS OF INTESTATE.—An administrator, acting in good faith, is competent to compromise or renew securities for, or postpone payment of debts due to his intestate, without the sanction of the probate court.

2. PLEADING—PRACTICE—NEGLIGENCE OF COUNSEL.—If counsel in the circuit court allow causes to be submitted to a jury, when the pleadings are not in a proper condition for a jury trial, as, for example, with a plea in bar unreplied to, the verdict will be set aside, or the judgment reversed. And this, though the plea was a mere sham plea, destitute of merit.

3. CONTRACTS—RESCISION.—Purchasers at sales ordered by the probate court cannot defend against actions for the purchase money by alleging that the proceedings in the probate court were irregular, defective or void. They must first return the property and rescind the contract of sale.

Error to the circuit court of Pike county. McNAIR, J.

This suit was commenced in the circuit court of Pike county, to recover the amount and interest of a promissory note of plaintiffs in error, dated February 14, 1862, for the sum of six hundred dollars, payable to the defendant in error. The defendant in the court below filed the plea of *non assumpsit*, to which the plaintiff below replied. At the next term of the court, the defendant asked for and obtained leave to file additional pleas. The second plea is substantia *r*    that the consideration of the note was the purchase money of a slave, guaranteed to be a slave for life, and

that the same is now free, and wholly lost to the defendant.

The third plea avers that the note sued on was given as a renewal of a note previously given to the administrator, and that the same was taken without authority from the probate court. The fourth plea asserts that the sale of the slave was made by an order of the probate court, and was not in accordance with, but in violation of law, and that the sale was null and void.

The plaintiff below demurred to the third plea, which demurrer was sustained by the court. The case was submitted to a jury without replications to the second and fourth pleas, and the jury returned a verdict for the plaintiff below for nine hundred and ninety-eight dollars. The defendants below bring this case here by writ of error.

Plaintiff in error assigns the following errors :

1st. The court below erred in sustaining the demurrer to defendant's third plea.

2d. The court erred in allowing the case to be sent to the jury without replications to the second and fourth pleas.

3d. The court erred in not ordering the plaintiff to be nonsuited for want of replications to the second and fourth pleas.

*Lamkin & Hurst*, for plaintiffs in error.

This case presents these inquiries: 1st. Did the court err in sustaining the demurrer. 2d. Was there error in submitting the case to the jury when two of defendant's pleas were not replied to, or disposed of by demurrer or otherwise.

The third plea was demurred to and the demurrer sustained. This judgment was erroneous. The plea in substance is, that the note sued on was given in renewal of a note payable to the adminstrator, without there being an order of the probate court for that purpose. The law provides that when property is sold belonging to an intestate's estate, the sale must be reported for confirmation, and the security taken by the administrator must be approved by the court. We assume that the plaintiff below held the note of defendants for property purchased ; if that fact was reported to the court and acted upon, by what authority did the

administrator take a new note?  If such a course is allowable, when would an estate be ready for distribution and settlement?  As we have stated, the time for final settlement would not be regulated by law, but by the wishes of the administrator.  The sum of the matter is this, had the administrator the right, under the law, to do as the plea alleges he has done?  If no such power exists, he cannot sustain the present suit, and the demurrer should have been overruled, and the plaintiff required to reply.

2d.  The court allowed the case to be submitted to the jury without in any way disposing of the second and fourth pleas; both of them conclude with a verification and prayer for judgment.  A replication in such case is always required.  By inspecting the record it appears that the first plea was replied to; the third demurred to, and the other two passed over in silence.

It has been held by this court, on more than one occasion, that when A B and C were sued, and service had on A and B, and C not found, and plea by the defendants and an entry that the defendants, by their attorney came, etc., and issue joined as to all, that it only applied to those served with process.  Apply that rule to this case: the first plea is at issue, the second and fourth not; the entry is, issue being joined.  Now it is true, that issue is joined on the first plea, and that is precisely what the entry means, and we believe it is all that it states.  It may be insisted on the other side that the second and fourth pleas were regarded as nullities.  We are willing to concede that the second was bad if demurred to, as it might have been disposed of by motion.  The fourth plea, if true, is certainly a defense.  The property was sold in violation of law, and the plea was that the sale was null and void.  Can a defense like that be entirely overlooked?

*Geo. L. Potter*, for defendant in error.

So far as the errors assigned relate to the want of a replication to the second plea, it is sufficient to say there was such a replication, as appears by return of the clerk to the writ of *certiorari*.  But it seems there is found no replication to the

alleged fourth plea, and it is objected that it was error to proceed to trial without such replication. This is so, under our practice, if this alleged plea contains any substance, and is not in fact, a nullity. It seems very properly to have been treated as no plea, and the question is, does it state any matter that can be considered as a bar to the action? This alleged plea states that the condition of the original note, of which the note sued on is a renewal, was given to plaintiff, administrator, for the price of a negro sold at public auction by the plaintiff, as administrator, and in accordance with the order of the probate court of Pike county. We have no authority to say that this word condition means consideration. But if that be done, we have the senseless averment that the consideration of the original note was given to the said plaintiff for the price of a negro sold. This plea admits that the administrator sold the negro at public auction and in accordance with an order of the probate court. It thus admits a valid sale; but then to preserve its quality of nonsense, the plea avers that the sale was not made in accordance with the statutes, but in direct violation of the same. Then comes the general averment that the titles to the said slave were incomplete and null and void; but we are not informed what "titles" to the slave, whether those of some third party, or whose, were thus "void." Regarded as "a plea," this strange nondescript lacks "head, limbs, and breeches." But if the plea was good, this court would not, as plaintiff's counsel demand, non-suit the plaintiff. The defendant made no such claim in the court below, where the whole matter could have been heard and fairly disposed of, but in fact waived any such claim. On the contrary, the settled usage here, is to remand the cause, where judgment is reversed for want of replication.

The remaining error assigned is the sustaining of the demurrer to the third plea, which avers that plaintiff, as administrator, " did receive in payment, from the defendant, a note in lieu or renewal of the original note, dated December 23d, 1859," and all this, without authority from the probate court, " to

compromise or settle any claims." It is charged that the plaintiff received " a note " in lieu of a certain " original note ;" but what connection the note described as " a note," has with the note sued on, does not appear. Nor does this plea , inform us what was " the original note " referred to; and we are not authorized to look into any other plea for information. But, if these fatal defects did not exist, and if it expressly appeared that the note sued on was taken in payment of an original note belonging to the estate, it would constitute no defense, even though the administrator had " no authority," from the probate court " to settle or compromise any claims." It is a settled rule that defendants, in such a predicament, cannot raise such an objection. They gave the new note " in payment of the old one ; and having thus obtained the old note, they cannot retain it, and refuse to pay the new one. Like the purchasers of slaves under void probate orders, who must pay, or return the slaves before suit is brought on their note, these parties should have returned the old note. But the administrator had the right, in the exercise of a sound discretion, and being accountable to the court for the act, to take a renewal note. Again, this plea does not deny that authority was given to take this note, but only avers there was " no authority " " to compromise or settle any claims." Moreover, it fails to show that the court did not, afterward, approve this act of the administrator. Such approval would perfect the act, even though the administrator had no power to accept the note.

SIMRALL, J.:

There are but two questions for our disposition in this case :

1st. Was the circuit court right in sustaining the demurrer to the third plea.

The plea in effect, is that the note sued on, was a renewal of a former note, payable to the plaintiff, as administrator, and that the compromise and renewal was made without the sanction of the probate court. The effect of the renewal was to postpone the day of payment, or grant an extension

of time.   An arrangement of this sort, or the compromise of a debt due the intestate's estate, if made in good faith, is within the competency of the administrator.   Kees' exr. v. Kees' creditors, 2 Grattan, 116 ; 2 Lomax Exrs., 291; Bailey v. Dilworth, 10 S. & M., 409.  The demurrer was therefore properly sustained.

The recital of the record is, that the case was then submitted to the jury on the issue joined.

2d. But it appears that there was no replication to the fourth plea.   This plea avers that the note in suit, was in renewal of a former one given for a slave sold  under a probate court decree.   " That the sale was not made in accordance with the laws and statutes; therefore the title was incomplete, null and void."   The matter of the plea is not a bar to the action.   It has been frequently adjudged in this court, that as a condition precedent to the defense of a title, irregular, or defective under probate sales, the purchaser must, in a reasonable time, rescind the contract by a return or offer to return the property (slaves) purchased.  He has notice that his title is derived from the judgment of the court, and it is his duty at once to look into the record of the judicial proceedings, and satisfy himself on the point.   The plea was defective, but was not so utterly destitute of merit as would warrant the court in treating it as a nullity.   In Marshall v. Hamilton, 41 Miss. Rep., 235, it is quite distinctly intimated that if a plea is regularly filed, its legal sufficiency can only be tested by demurrer, if it is entitled to the " slightest merit."

The practice, to set aside sham pleas on motion, is well settled—the object being to prevent delay and expense to the plaintiff, and consuming the time of the court in passing on pleas which are a mere fiction.   6 Cowen, 36; 12 Wend., 624.   But in such case, the sham or fictitious pleas are displaced upon direct application to the court.

It has been often decided that it is erroneous to put a cause to the jury if there be on file a plea to which there is

no answer.  Roby v. Bret, MSS. Opinion; Beal v. Campbell, 1 How., 24; Beech v. Mosely, 24 Miss. Rep., 170.

It is the duty of counsel to see that the pleadings are in proper condition for the jury trial.  If a cause is reversed in this court, for the reason that we remand this cause, the fault is not in the system of pleading, but in the negligence of the counsel in the circuit court.

Let the judgment be reversed, and cause remanded.