No. 13,664.

MATSINGER ET AL. *v.* FORT ET AL.

PRACTICE.—*Exceptions.*— *When Must be Taken.*—In order to save any question for review in the Supreme Court, the exception to the decision of the lower court must be taken at the time the decision is made. If taken afterwards, it will not be considered on appeal.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*E. Marsh, W. W. Cook, C. L. Henry* and *H. C. Ryan,* for appellees.

OLDS, J.—This is an action for partition. The complaint is in two paragraphs. The main facts alleged are, that Eliza K. Mitchell was the owner of the real estate; that her husband was addicted to the use of intoxicating liquors; that Mrs. Mitchell was in ill health and recognized the fact that she must soon depart this life, and that if she left her estate to her husband he would immediately squander it; that the plaintiff Mary M. Matsinger and the defendant Ada Fort were her only children, and that she entered into a parol agreement with her daughter Ada, her husband concurring,

whereby she conveyed to Ada, her husband joining in the deed, the real estate in question in this case, with the agreement that Mrs. Mitchell, her husband and daughter Ada, should occupy the real estate during the lifetime of Mrs. Mitchell, and after her death her husband and daughter Ada should continue to live on the property and keep it as their home, or on failure to do so they should divide the property equally between the husband of Mrs. Mitchell and her two daughters, or, if thought best, sell it and divide the proceeds of the sale equally; that Ada took possession of the real estate, and in pursuance of said agreement Mr. and Mrs. Mitchell and Ada lived and made their home upon the premises until the death of Mrs. Mitchell, and Mr. Mitchell and Ada lived upon the same until some time after the death of Mrs. Mitchell, when Ada refused to live there longer or to allow her father to live upon the same, and refused to divide the real estate or sell the same and divide the proceeds of sale as she had agreed, and that she rented said real estate. Prayer asking that the husband and two daughters be declared the owners of said real estate in equal portions, and for partition, and in case of its indivisibility, that the same be sold and the proceeds divided.

A demurrer was filed to the complaint by appellees and sustained, and judgment rendered on demurrer against appellants in favor of appellees.

The appellants assign as error the ruling of the court in sustaining the demurrer to the complaint. Counsel for appellees contend that there was no exception taken to the ruling of the court at the proper time, and that there is no question properly presented to this court.

The record shows that, " on the 29th day of October, 1886, the same being the 17th judicial day of the October term, 1886, of said court, the following proceedings were had in said cause, to wit: The parties by counsel come, and the defendants' demurrer to each paragraph of the plaintiffs' amended complaint, being submiteed to the court, is sus-

tained." On the 10th day of November, 1886, the same being the 27th judicial day of the October term, 1886, the following entry is made : " The parties by counsel come, and the plaintiffs except to the ruling of the court heretofore made sustaining defendants' demurrer to plaintiffs' amended complaint." Then follow the finding and judgment.

Section 626, R. S. 1881, provides that " The party objecting to the decision must except at the time the decision is made." In the case of *Hull* v. *Louth*, 109 Ind. 315, 333, the special finding of facts and conclusions of law were filed on the 31st day of December, 1883. No exceptions were taken to the conclusions of law upon that day. Nothing further was done until on the 3d day of January, 1884, when the plaintiff excepted to the conclusions of law. The court in that case says : " It is settled by the decisions of this court, that in order to save any question for review here, in a case like this, an exception to the conclusions of law must be taken at the time the decision is made." It is so well settled that, in order to save any question on the decision of the lower court, the exception must be taken at the time the decision is made, that it is unnecessary to cite further authorities. There is no question presented to this court on the ruling of the court below in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed March 26, 1889.