No. 16,319.

## THE WABASH RAILROAD COMPANY v. DYKEMAN ET AL.

RECEIVER.—*Appointment of.*—*Sufficiency of Cause.*—*Test of.*—*Opinion Alone not Sufficient.*—In an action brought for the appointment of a receiver without notice, the sufficiency of the cause required to be shown must be, *first,* the necessity of the appointment of a receiver at all; *second,* the necessity for not giving notice to the adverse party; and sufficient cause not being defined in the statute, that question must be determined by the adjudged cases and precedents. The statement in the complaint that there is an emergency for the immediate appointment of a receiver without notice, being a mere statement of opinion, is not a sufficient showing, but the facts on which the opinion is founded should be pleaded.

SAME.—For insufficiency of facts to appoint a receiver without notice, see opinion.

SAME.—*When Notice Must be Given.*—*Insufficient Excuse for not Giving.*—*Cause for Appointment.*—The mere non-residence of one of the defendants is no excuse for not giving notice to a defendant who is not a non-resident, and the mere apprehension of the complainant, not supported by sufficient facts, will not be cause for the appointment of a receiver without notice.

SAME.—*Authority of.*—*Effect on of Appeal.*—*Effect of Appeal on Case Below.*—*What Questions Considered on Appeal.*—When an appeal is taken from the appointment of a receiver, the authority of the receiver is suspended until a determination of the appeal, and the cause, notwithstanding the appeal, remains in the *nisi prius* court, and amendments and other changes in the pleadings may be made as in other cases. In such a case, on appeal, no question will be determined except that which immediately led to the appointment of the receiver without notice.

PRACTICE.—*Objections and Exceptions.*—*When Made and Taken.*—In ordinary adversary proceedings, in order to save a question for review in this court, not only must the exceptions be taken at the time the decisions are made, but they can not be taken after that time; but, in *ex parte* proceedings, when objections and exceptions are taken at the earliest legal opportunity they will be sufficient. An appeal will lie from an appointment of a receiver by a judge in vacation, although there is no provision in the code for taking exceptions in vacation.

APPEAL.—*When will not Lie.*—*Receiver.*—*Appointments of.*—*How to Secure Appeal.*—In an action appointing a receiver an appeal will not lie from a

The Wabash Railroad Company *v.* Dykeman *et al.*

ruling of the court overruling a motion to vacate an order appointing a receiver, but in order to secure an appeal the course pointed out by the statute must be followed.

From the Cass Circuit Court.

*J. C. Nelson, Q. A. Myers, H. Crawford, T. A. Stuart, W. V. Stuart, C. B. Stuart, J. B. Elam* and *F. Winter,* for appellant.

*M. Winfield, G. C. Taber, D. D. Dykeman, W. T. Wilson, D. H. Chase* and *A. C. Harris,* for appellees.

MILLER, C. J.—This is an appeal from an order appointing a receiver without notice to the adverse party.

The general rule is that appeals lie only from final judgments. One of the exceptions to this general rule is contained in section 1231, R. S. 1881, which gives an appeal from an order appointing or refusing to appoint a receiver without awaiting the final determination of the case in which such order is made. The appeal must be taken within ten days, and where a receiver has been appointed an appeal bond must be filed, conditioned for the due prosecution of such appeal. Upon the taking of the appeal the authority of the receiver is suspended until the final determination of such appeal.

After a receiver has been appointed, and the order making the appointment appealed from, the cause, notwithstanding the appeal, remains pending in the *nisi prius* court, and amendments or changes in the pleadings may be made as in other cases. *Naylor* v. *Sidener,* 106 Ind. 179; *Shoemaker* v. *Smith,* 100 Ind. 40.

On such appeal no question will be considered as to the sufficiency of the complaint, or other pleading in the action, except that which immediately led to the appointment of the receiver, leaving all other matters open and undetermined and still within the control of the court below. *Naylor* v. *Sidener, supra.*; *Hursh* v. *Hursh,* 99 Ind. 500; *Main* v. *Ginthert,* 92 Ind. 180.

Such examination does not involve a formal ruling upon the sufficiency of the complaint for other or more general relief. *Naylor* v. *Sidener, supra.*; *Pouder* v. *Tate*, 96 Ind. 330; *Barnes* v. *Jones*, 91 Ind. 161.

A statement of the proceedings and so much of the pleadings as we deem necessary to the determination of this appeal are as follows:

On the 21st day of September, 1891, the appellee David D. Dykeman filed a verified complaint in the Cass Circuit Court, during term, alleging that he was the holder of twenty-six shares of the stock of the Eel River Railroad Company of the par value of $2,600. That said company owned a railroad ninety-four miles long, extending from Logansport, Indiana, to Butler, Indiana, together with a large amount of equipment. That on the 6th day of October, 1887, that corporation executed a lease and delivered possession of its road, equipment and franchises, to the Wabash Western Railroad Company, a corporation owning a road from Detroit, Michigan, to Butler, Indiana. The lease was for ninety-nine years, renewable in like periods forever; the lessee corporation assuming and covenanting to perform all the public duties incumbent on the lessor, and to keep the road and equipment in order, and renew the latter so that the quantity and quality thereof should not be less than at the date of the lease. The lessee was to fix, collect and enjoy the tolls and income and pay all taxes, renewals and a fixed yearly rental during the term, payable semi-annually. The lessor reserved the right to enter on the property and determine the lease, upon a default of thirty days in the payment of rental or taxes, or in keeping up the equipment.

By force of a merger, this lease subsequently vested in the Wabash Railroad Company.

It was charged that this lease was illegal and void, because the lessor company had no authority, under the laws

of Indiana, to lease its road, property and franchises, and thus disable itself from discharging its duties to the public.

It was also charged that the lessee has proceeded to wreck the leased property; has dismantled its round-house and other buildings at Logansport, and its stations at other points; has torn up its side tracks; permitted its bridges and track to become decayed and out of repair; has carried off to its main line, and converted to its own use, all the engines, cars, machinery and rolling stock of said road, and has relettered and repainted the same after the same style and pattern of the rolling stock and property of said Wabash Railroad Company, so as to completely destroy its identity and make it impossible for said Eel River Railroad Company, or its stockholders, to ever reclaim the same; that the board of directors, and certain of the stockholders of the Eel River Company holding large quantities of the stock, are conniving at and aiding the Wabash Company in its use and possession of the property, and are conniving at and assisting said Wabash Railroad Company in destroying the franchise of the Eel River Railroad and diverting its business; that the Wabash Company has formed the design of removing the shops of the Eel River Railroad from off the line of the road and locating the same at Peru, on the line of its own road; that the Wabash Railroad Company is wholly insolvent, and not able to pay its fixed charges, current and other expenses and obligations, and that its guaranty of the return to the Eel River Railroad Company of all the movable property and rolling stock enumerated in the inventory attached to the lease, and aggregating in value about $235,000, is wholly worthless, as is, also, its indemnity against loss and damage growing out of its operations and management of the leased line; that the corporate existence of the Eel River Railroad Company has been maintained by the election of a board of directors, by its large stockholders in league with the

Wabash Railroad Company, from among their own num-
ber, and have been invariably chosen from non-residents
of the State; that the acting secretary and treasurer of
the Eel River Railroad resides in Boston, Massachusetts,
who has in his possession the few records and papers of
said company now in existence.   That the only copy of
the inventory of the rolling stock and movable property
turned over to the Wabash Railroad is in the possession
of that company; that more than twenty days ago the
plaintiff notified the secretary of the Eel River Railroad,
at his office in Boston, of the dilapidated condition of the
road, but that up to this time no efforts have been made
to remedy the same; that every day of the continuance
of the possession by the Wabash Company adds to the
depreciation in value of the leased road and the destruc-
tion of its franchises.

That portion of the complaint which directly relates to
the appointment of a receiver, and states the emergency
for the appointment, without notice, is as follows:

" The plaintiff further avers that in order to preserve
said Eel River Railroad, its property and franchises, it is
necessary that the court appoint a receiver, who shall take
into his possession said railroad pending the determina-
tion of the validity of said pretended lease and the plain-
tiff's right as a stockholder in said railroad company.

" The plaintiff further avers that there is an emergency
for the immediate appointment by the court of a receiver
for said Eel River Railroad Company, its property and
franchises, before summons and notice can be given of
this application and a hearing had thereon, in this, to wit:

" That because of the non-residence of the directors and
officers of said Eel River Railroad Company, service can
not be had upon said company for more than sixty (60)
days; that in the meantime irreparable damage will be
done to said Eel River Railroad, its property and fran-
chises, and the plaintiff's cause of action defeated, because

said Wabash Railroad Company will, as plaintiff believes, resort to desperate measures to retain possession of said railroad, and will, if necessary for that purpose, proceed to another jurisdiction, and, upon its own motion, procure the appointment of a receiver friendly to its interests for said Eel River Railroad, or both of said railroads if necessary, and will institute other actions to harass the plaintiff, and by delay and vexatious and costly litigation deprive him and other stockholders alike situated of all remedy in the premises; and that said Wabash Railroad Company, being insolvent, as hereinbefore averred, will, unless a receiver is appointed immediately by this court, make secure its hold upon the property and franchises of said Eel River Railroad by making away with said inventory of rolling stock and movable property now in its possession, will tear up and convert to its own use all the remaining tracks and valuable property of said Eel River Railroad, complete its design of moving the repair and machine shops of said Eel River Road from Butler to Peru, further scatter and run off into other States, beyond the reach and jurisdiction of this court, the rolling stock and movable property of said Eel River Road, so that it can not be found or identified; that if delay be had, some accident is liable to occur by reason of the dilapidated and unsafe condition of the machinery, track, bridges or culverts of said Eel River Railroad, whereby great injury may be done to life and property, subjecting said Eel River Railroad Company to heavy damages and loss, and because said Wabash Railroad Company is insolvent, as aforesaid, no remedy over against said Wabash Company can be had for any damages resulting from its negligence and the unsafe condition of said railroad, nor for its conversion of the property and destruction of the franchises of said Eel River Railroad; and that unless a receiver be appointed immediately for said Eel River Railroad Com-

pany, irreparable damages will be done, and the plaintiff defeated of all remedy.

"Wherefore, the plaintiff prays a decree of the court against all of the defendants for the immediate appointment of a receiver for said Eel River Railroad Company, its property and franchises, without notice, who shall take immediate possession of the whole line of said Eel River Railroad from Logansport, Indiana, to Butler, Indiana, together with all its depots, stations, buildings, locomotives, cars, machinery, tools, and other appurtenances and property, together with all franchises, rights and powers of said Eel River Railroad, with power to operate and manage said Eel River Railroad and make all suitable and necessary contracts for the operation and management thereof, to put the same in a reasonable condition for traffic, with power to sue and be sued, and to collect and receive the rents, issues, profits and tolls thereof, and with all other powers necessary to the complete reclamation and preservation of said railroad and its franchises until the final determination of this action."

Upon the filing of the complaint, a summons was issued and delivered to the sheriff of Cass county for all the defendants, but no service was made until the succeeding day, when it was served by reading the same to and within the hearing of the agent of the Wabash Company, at Logansport, the other defendant not being found within the bailiwick.

Immediately, upon the filing of the complaint and application for a receiver, at 6 o'clock P. M., the court, upon examination of the complaint, without notice or proof other than that afforded by the verified complaint, appointed a receiver to take charge of the whole line of said road, with its depots, stations, buildings, locomotives, cars, machinery, tools, and other appurtenances and property, and all the franchises of said Eel River Railroad Company.

The receiver at once qualified and filed his written un-dertaking for the faithful discharge of his duties.

On the morning of the next day, and before the order for the appointment of a receiver was read in open court by the clerk, the Wabash Railroad Company, by attorney, appeared in court and objected to the order making the appointment, but the objections were overruled and exceptions entered, and an appeal taken to this court.

It is contended that the record presents no question for the decision of this court, for the reason that no exceptions were taken to the ruling of the court appointing the receiver, at the time it was made. Section 626, R. S. 1881, provides that: "The party objecting to the decision must except at the time the decision is made."

This statute has been frequently construed, and it may now be considered settled law that in ordinary adversary proceedings in order to save any question for review in this court, not only must exceptions be taken at the time the decision is made, but that they can not be taken after that time. *Matsinger* v. *Fort*, 118 Ind. 107; *City of Laporte* v. *Orgone*, 30 N. E. R. 2.

Time may be given to reduce the exceptions to writing, but time can not be given in which to except. *Coan* v. *Grimes*, 63 Ind. 21; Elliott App. Procedure, sections 785, 786.

The law contemplates that in adversary proceedings the parties litigant are before the court, or, at least, are afforded an opportunity to be present when rulings affecting their interests are made. The section of statute above quoted was enacted with reference to, and must be construed in the light of this presumption. The obligation to object and except to a decision of a court implies that the party required to object and except shall be afforded an opportunity to do so.

It can not, with any show of fairness and reason, be claimed that a party assents to a ruling of a court of

which he has no knowledge or opportunity of acquiring knowledge. We are of the opinion that when an objection and exception is taken at the first legal opportunity, it is in time. *Henning* v. *State,* 106 Ind. 386, 393. In *Preston* v. *Sandford's Adm'r,* 21 Ind. 156 and *Behrens* v. *McCance,* 106 Ind. 330, it was assumed that it is only where a party is in court that an exception is required.

An appeal will lie from the appointment of a receiver, by a judge in vacation, although there is no provision of the code for taking exceptions in vacation. *Pressley* v. *Lamb,* 105 Ind. 171.

The effect of holding that an exception must be taken to an order appointing a receiver at the time it is made, would, in effect, cut off the right of appeal given by statute in all cases where a receiver is appointed without notice to, or appearance by the party adversely affected.

The suggestion by the appellee that, in order to present the question, the appellant should have asked the court to set aside the appointment, or offered to controvert the facts set forth in the bill, is not tenable. No right of appeal is given from a ruling of the court overruling a motion to vacate an order appointing a receiver.

A party who desires to contest the appointment of a receiver by appeal must pursue the course pointed out by statute, and appeal from the order making the appointment. *Miller* v. *Lehman,* 87 Ala. 517.

In this State the appointment of receivers is regulated by the statute as follows, section 1230, R. S. 1881: "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit."

A reading of the statute indicates that the appointment of receivers without notice is an exception to the general rule, and is only to be done upon sufficient cause.

The statute being silent as to what will constitute a sufficient cause, we must look to precedents and adjudged cases to determine that question. The sufficient cause required to be shown must be, *first,* for the appointment of a receiver at all; and, *second,* for not giving notice of the application to the adverse party.

The statement in the verified complaint that there was an emergency for the immediate appointment of a receiver, without notice, was not a sufficient showing. This was a mere statement of an opinion. The facts on which the opinion was founded should have been pleaded in order to enable the court to judge of its correctness. *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige Ch. 438, 451; *French* v. *Gifford*, 30 Iowa, 148; *Moritz* v. *Miller, etc.*, 87 Ala. 331.

The unwillingness of courts to appoint receivers without notice is thus stated in a late work, Gluck & Becker on Receivers of Corporations, 50: "Courts of equity are exceedingly unwilling to appoint a receiver on an *ex parte* application. It is now the settled practice not to appoint a receiver *ex parte* and thereby deprive a corporation of the possession of its property, before it has had an opportunity to be heard in relation to its rights, except in those cases where it is out of the jurisdiction of the court or none of its officers can be found; or where, for some other reason, it becomes absolutely necessary for the court to interfere, before there is time to give notice to the corporation, to prevent the destruction or loss of property."

This enunciation of law is strongly supported by the following authorities: High on Receivers, sections 111, 112, 113; *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige Ch. 438; *People* v. *Susquehanna R. R. Co.*, 55 Barb. 344, 369; *French* v. *Gifford*, 30 Iowa, 148, 160; *Bisson* v. *Curry*, 35 Iowa, 72; *Howe* v. *Jones,* 57 Iowa, 130; *Railway Co.* v. *Jewett*, 37 Ohio St. 649; *Briarfield* v. *Foster*, 54 Ala. 622; *Word* v. *Word*, 90 Ala. 81; *Moritz* v. *Miller*, 87 Ala. 331; *Martin* v. *Tarver*,

43 Miss. 517; *Cook* v. *Detroit, etc., R. R. Co.*, 45 Mich. 453; *Turnbull* v. *Prentiss Lumber Co.*, 55 Mich. 387.

The non-residence and delay necessary to give notice to the officers of the Eel River Railroad Company were no excuse for failure to give notice to the appellant, the Wabash Railroad Company, which was in possession of the property, and against which the gravamen of the charges was launched.

The apprehension that the Wabash Company would, if necessary for that purpose, proceed to another jurisdiction, and upon its own motion prevent the appointment of a receiver friendly to its own interests, or would harass the plaintiff by delay and vexatious litigation, or would make way with the inventory of rolling stock, does not seem to be anything more than the expression of an opinion, without support from any facts stated in the complaint. The Eel River Road lies wholly within this State, and by the commencement of this action and the service of process, the Cass Circuit Court acquired jurisdiction of an exclusive character.

We could not assume that in any jurisdiction, upon the mere motion of a litigant, the court would appoint a receiver friendly to the interests of the appellant any more than we could assume that the receiver already appointed is friendly to the interests of the appellee. No facts are stated in the petition that even tend to give foundation to such an assumption of prospective unfair dealing on the part of either the courts or parties litigant.

The inventory of the rolling stock is averred to be in the possession of the Wabash Road and is not shown to be within the jurisdiction of the courts of this State. It does not appear how the appointment of a receiver, with or without notice, will affect its custody or preservation.

According to the allegations of the complaint, the whole of the engines, cars, machinery and rolling stock have been converted by the Wabash Road to its own use, and their

identity is so completely destroyed as to make it impossible for a receiver to identify or reclaim the same. Such being the case, no substantial additional injury could be inflicted upon the rights of the plaintiff during the limited time necessary to give notice of the appointment of a receiver.

We are unable to see how the appointment of a receiver could shield the Eel River Railroad from liability from accidents caused by the defective and unsafe condition of its track, bridges and machinery, until needed improvements could be made, which must necessarily require a considerable period of time. After the appointment of a receiver this liability would be direct and immediate, in place of contingent, and dependent upon the non-payment of damages by the lessee.

Without determining whether or not the complaint shows good cause for the appointment of a receiver on account of the wrecking of the Eel River Road by the removal of its shops, stations, side tracks, and the diversion of its business, coupled with the allegation of the insolvency of the Wabash Road, we are of the opinion that no such showing of an emergency is made as to justify the appointment of a receiver without notice to the party in possession.

In passing upon an application for the appointment of a receiver it is the duty of a court to scrutinize, not only the rights asserted by the moving party, but the injuries that may be suffered by the adverse party and the public at large. This is particularly the case where a line of railroad forming part of a system operated as a unit is thereby detached from the main road. In such case not only the parties to the suit are affected, but a large number of employes are disturbed in their relation with their employer, and the general public along the line of road are liable to be greatly inconvenienced by the disturbance of their shipping facilities, especially to remote points.

Deprived of possession, the payment of rent on leased lines would cease, and thereby all creditors and stockholders would be affected.

In this case the dismantling of the road seems to have been the result of a gradual process extending over the period of four years, during which the road had been in the possession of the Wabash Company. We find nothing to indicate that any great change or acceleration of procedure was in contemplation, or any substantial injury to the road, its properties or franchises, likely to be sustained during the brief period necessary to notify the Wabash Company.

We must take notice of the fact that the Wabash Company operates a line of road through Cass county, and the record informs us that on the day succeeding the appointment of the receiver, a summons in this case was served on the agent of the company at the county seat in which the court was sitting. Under these circumstances, well established law required that the party from whose possession the property was proposed to be wrested should have notice of, and an opportunity to defend its possession against, the proposed seizure.

We express no opinion upon the sufficiency of the complaint as a cause of action for the abolition of the lease, or the appointment of a receiver upon a hearing after notice, but content ourselves with holding that it was error to appoint a receiver without notice.

The judgment of the court appointing a receiver is therefore reversed, with costs.

Filed December 13, 1892.