The Medical College of Indiana *et al.* *v.* Commingore *et al.*

————◆————

No. 16,886.

THE MEDICAL COLLEGE OF INDIANA ET AL. *v.* COMMINGORE ET AL.

EXCEPTIONS.—*Time of Taking.*—*Practice.*— An exception to conclusions of law, not taken at the time of the decision, but six days thereafter, presents no question on appeal.

ASSIGNMENT OF ERRORS.—*Joint Assignment.*—*Error as to One Party.*— A joint assignment of error by all the parties appellant presents no question as to any ruling against one of such parties.

From the Marion Circuit Court.

*E. F. Ritter, H. L. Ritter,* and *F. T. Edenharter,* for appellants.

*H. Dailey,* for appellees.

MONKS, J.—This was an action brought by appellees against appellants, for an accounting and the appointment of a receiver. The court below, the parties having requested it, made a special finding of the facts, and stated the conclusions of law thereon. On motion of appellees, the court rendered judgment in their favor.

It is urged by appellants that the court erred in its conclusions of law upon the facts found. There were no exceptions taken to the conclusions of law when the same were filed.

The special finding and the conclusions of law thereon were announced and filed on the 25th day of September, 1891. No exceptions were taken to the conclusions of law on that day.

Afterwards, on the 1st day of October, 1891, on motion of appellees, judgment was rendered in their favor, and at this time, after the judgment was entered, the Medical College of Indiana excepted to the conclusions of law and also to the judgment of the court upon the conclusions of law.

The other appellants reserved no exceptions.

The question involved was settled by this court in *Hull* v. *Louth, Guard.,* 109 Ind. 315 (333), and in *Radabaugh* v. *Silvers, Admr.,* 135 Ind. 605.

In *Hull* v. *Louth, Guard., supra,* this court said: "The special finding of facts and conclusions of law thereon were announced, and filed, on the 31st day of December, 1883. No exception was taken to the conclusions of law on that day.

"Nothing further was done in the case until the 3d day

of January, 1884. Of the proceedings in the case on that day, there is this entry: 'Come the parties, appearing as heretofore, and the plaintiff [appellant] now excepts to the special finding of the court, and the conclusions of law therein contained, and heretofore filed,' etc.

"It is settled by the decisions of this court, that in order to save any question for review here, in a case like this, an exception to the conclusions of law must be taken at the time the decision is made. Citing *Smith* v. *McKean*, 99 Ind. 101; *Kolle* v. *Foltz*, 74 Ind. 54; *Johnson* v. *Bell*, 10 Ind. 363; *Dickson* v. *Rose*, 87 Ind. 103; *Coan* v. *Grimes*, 63 Ind. 21; *Dickson* v *Lambert*, 98 Ind. 487; *Cincinnati, etc., R. R. Co.* v. *Leviston*, 97 Ind. 488."

To the same effect are *Matsinger* v. *Fort*, 118 Ind. 107; *Midland R. W. Co.* v. *Dickason*, 130 Ind. 164; *Brown* v. *Ohio, etc., R. W. Co.*, 135 Ind. 587; *Barner* **v.** *Bayless*, 134 Ind. 600.

The statute, section 626, R. S. 1881 (section 638, R. S. 1894), provides that, "the party objecting to the decision must except at the time the decision is made." This requirement of the statute is mandatory and can not be dispensed with. *Fletcher* v. *Waring*, 137 Ind. 159.

No exception having been taken at the proper time to the conclusions of law, the same can not be called in question now.

The defendants to the complaint below, fifteen in number, appear and all join in the assignment of error.

If any error was reserved, it was by the Medical College of Indiana alone, as heretofore stated in this opinion.

A joint assignment of error by all would present no question as to any ruling against the medical college. *King* v. *Easton*, 135 Ind. 355; *Robbins* v. *Magee*, 96 Ind. 174; *Carr* v. *Carr*, 137 Ind. 232.

The judgment is, therefore, affirmed.

Filed Feb. 8, 1895.