## LEWIS *v.* NIELSON.

[No. 21,943. Filed November 3, 1911.]

1. RECEIVERS.—*Interlocutory Order.—Appeal.—Statute.—"May."*— The statute (§1289 Burns 1908, §1231 R. S. 1881), providing that from an order appointing or refusing to appoint, a receiver, an appeal "may" be taken within ten days thereafter, such appeal must be taken within such ten days. p. 415.

2. RECEIVERS. — *Interlocutory Order. — Appeal.—Statute.* — Under §1289 Burns 1908, §1231 R. S. 1881, providing that from an order appointing, or refusing to appoint, a receiver, the aggrieved party may appeal within ten days thereafter, such appeal must be perfected within such time by the performance of all acts necessary to give the Supreme Court jurisdiction thereof. p. 415.

3. APPEAL.—*Record.—Exceptions.—When Taken.*—In order to save any question in adversary proceedings, the aggrieved party must at the time except to the ruling of the court; but where such party is not legally before the court his exception may be taken at his first legal opportunity. p. 416.

4. APPEAL.—*Dismissal.*—Where a defendant in a suit for the appointment of a receiver had an opportunity on April 22, to except to the order appointing a receiver, and he perfected his appeal from such order on June 20, such appeal will be dismissed. p. 416.

From Lake Superior Court; *Lawrence Becker,* Judge.

Suit by Oluf Nielson against William D. Lewis. From an interlocutory order appointing a receiver, defendant appeals. *Appeal dismissed.*

*Ralph Ross* and *Walter J. Lotz,* for appellant.
*Fred Barnett,* for appellee.

MONKS, J.—This is an appeal from an interlocutory order appointing a receiver, made, without notice, April 17, 1911.

Appellee has filed a motion to dismiss the appeal, on the ground that it was not perfected within the time required by §1289 Burns 1908, §1231 R. S. 1881. Said section, which makes provision for appeals from interlocutory orders appointing or refusing to appoint receivers, reads as follows: "In all cases hereafter commenced or now pending in any of the courts of this State, in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, * * * upon the appellant filing an appeal bond with sufficient surety," etc.

It has been held uniformly by this court that when a statute provides that an appeal may be taken within a time fixed thereby, the appeal must be perfected within that time; that is, an appeal is taken only when all the acts necessary to give the appellate court jurisdiction of the appeal have been performed within the time fixed by the statute. *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505, 507, and authorities cited.

It has also been held by this court, in cases where a receiver was appointed after notice, that unless the appeal under §1289, *supra,* was perfected by giving bond and filing the transcript in this court within ten days after the order

was made appointing the receiver, the appeal would be dismissed, because not perfected within the time required by said section. *Vance* v. *Schayer* (1881), 76 Ind. 194; *Barney* v. *Elkhart County Trust Co.*, *supra*, 505, 507, 508; *Daugherty* v. *Payne* (1911), 175 Ind. 603, and cases cited.

It is settled that in ordinary adversary proceedings, in order to save any question for review in this court, an exception must be taken at the time the ruling is made.

3. §656 Burns 1908, §626 R. S. 1881; *Matsinger* v. *Fort* (1889), 118 Ind. 107; *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 63, and cases cited; Elliott, App. Proc. §§785, 786.

It has been held, however, that §656, *supra*, must be construed in the light of the presumption that in adversary proceedings the parties litigant are before the court or at least have an opportunity to be present when the ruling is made. "The obligation to object and except to a decision of the court implies that the party required to object and except shall be afforded an opportunity to do so. *Wabash R. Co.* v. *Dykeman*, *supra*, at page 63.

It has been held that, where a receiver has been appointed without notice, "if an exception is taken at the first legal opportunity it is in time." *Wabash R. Co.* v. *Dykeman*, *supra*, at page 64.

Whether, under §1289, *supra*, an appeal can be taken from the appointment of a receiver without notice, within ten days after the aggrieved party's first legal opportunity to

4. object and except to the appointment—which in this case was April 22, 1911, as appears from the record— need not be determined, for the reason that the transcript was not filed in this court until June 20, 1911, more than ten days thereafter.

It follows that appellee's motion to dismiss the appeal must be sustained.

Appeal dismissed.