ROOKER ET AL. *v.* FIDELITY TRUST COMPANY.

[No. 24,190.   Filed October 4, 1923.]

1. APPEAL.—*Review.—Exceptions.—Necessity of.—Exception to Rule.—Statute.*—Section 656 Burns 1914, §626 R. S. 1881, requires that the party objecting to any decision of the trial court must except at the time the decision is made, and unless this is done, and the record so shows, error cannot be successfully predicated thereon, excepting that in an *ex parte* proceeding where it affirmatively appears that the ruling complained of was made in the absence of the complaining party, he would be entitled to have his objections and exceptions noted if taken at his earliest legal opportunity.   p. 454.

2. APPEAL.—*From Interlocutory Order.—Time of Perfecting.— Statute.*—An appeal from an interlocutory order, under §§1392, 1392b Burns' Supp. 1921, must be perfected within thirty days from the time the ruling appealed from was made.   p. 455.

3. APPEAL.—*Review.—Final Judgment.—Overruling Motion to Vacate an Order of Court.—Statute.*—Overruling a motion to vacate an order of the court approving a lease of lands held in trust is not a final judgment within §671 Burns 1914, from which an appeal can be taken.   p. 455.

From Hamilton Circuit Court; *Fred Hines*, Judge.

Proceeding by Fidelity Trust Company against Dora E. Rooker and another.   From an order overruling a motion to vacate a former order, the latter appeal.   *Appeal dismissed.*

*William V. Rooker*, for appellants.
*Charles E. Cox* and *Henry Seyfried*, for appellee.

MYERS, J.—On February 27, 1922, the Fidelity Trust Company, as trustee of appellant Dora E. Rooker, applied to the court below and obtained an order approving a lease of certain tillable land—part of the trust estate—to one Thomas West for the crop year of 1922.

On March 4, 1922, appellants appeared specially and moved the court to set aside its order of approval for the reason that the order was made and entered without any notice whatever to either of these appellants, and without their knowledge, and therefore void.   Further-

more, that a writ of error had been granted by the Supreme Court of Indiana to the Supreme Court. of the United States, and that the essential steps were being taken, specifically detailing them, to lodge the cause—the pretended basis for this proceeding—in the latter court, and wherein, by proper assignments of error, the decision of the Supreme Court of Indiana would be reviewed on the theory that it denied these appellants due process and equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States, and that the court's order of February 27, 1922, was in violation of the due process and equal. protection of the law clauses of the Fourteenth Amendment. On March 7, 1922, over the objection and exception of these appellants, the court overruled this motion.

The object of the errors here assigned is to challenge the rulings of the court: (1) in granting the trustee's petition and approving the lease to Thomas West; (2) in overruling appellants' motion to set aside and vacate its order and judgment of February 27; and, (3) in overruling appellants' demurrer to appellee's application for a writ of assistance.

Our consideration of the questions sought to be presented by this appeal is met by appellee's motion to dismiss this appeal on the ground that it is not an appeal taken from a final judgment or from an appealable interlocutory order, or perfected within the time required by our code for taking appeals from interlocutory orders, and because the lessee is not a party, although his interests are adverse to appellants.

At this point, it may be well to refer briefly to the litigation between these parties, and out of which has grown this controversy. This court judicially knows that on October 11, 1909, these appellants entered into a certain written contract with appellee Fidelity Trust

Company, and contemporaneously therewith, they executed to the Fidelity Trust Company, as trustee, two certain deeds of conveyance, each of which this court held constituted an absolute deed of trust. This holding was the result of a suit brought by appellants against the trust company on October 30, 1912, wherein the judgment of the trial court in that case was set aside and a new trial ordered. *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172. Upon a retrial of the cause, it was adjudged that these appellants, by their deeds of conveyance and trust agreement, parted with all their title to the real estate and appurtenances thereunto belonging, as also their right to the possession, use, rents and profits from the real estate so trusteed; that as to the real estate here in controversy, appellant Dora Rooker had an interest in the proceeds only arising from the sale of the trust estate, and any other interest asserted by her over the lands was wrongful, without right, unfounded and obstructive to the execution of the trust by the trustee, and appellants were perpetually enjoined from denying and disputing the title of the trustee or its right to possession, use and rents thereof, or from in any manner interfering with the trustee or any purchaser or purchasers in giving or in taking possession of the lands when sold. The trustee was then ordered to proceed with the execution of its trust in accordance with the order and judgment of the court as therein set forth. From this judgment, appellants appealed, and on June 22, 1921, this court affirmed that judgment. Appellants' petition for a rehearing was overruled October 12, 1921. *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141. The facts, orders and rulings more fully appear in the opinions cited.

A certified copy of the latter opinion and judgment was filed with the clerk of the Hamilton Circuit Court October 26, 1921. On November 16, 1921, appellee

trust company, appeared in the trial court and, in writing, moved the court to redocket the cause of *Rooker* v. *Fidelity Trust Company*, and by its verified petition showed that appellants had prior thereto appropriated the rents, income and profits from the trust estate to their own use, and stating facts to the effect that they were then interfering with the due administration of the trust, and asked that they be required to appear and show cause why they and each of them should not be punished for contempt, and for a writ of assistance putting the trustee in possession of the real estate here involved. This petition, on November 28, 1921, was amended by striking therefrom that part requesting a citation. Thereupon appellants demurred to the amended petition, which was overruled with an exception. Appellants then answered by a general denial and by an affirmative paragraph. On January 10, 1922, appellants withdrew this latter paragraph, and, by permission of the court, answered, in substance, averring that the trial court was without jurisdiction to proceed further by reason of the facts therein set forth and from which it appeared that they were making a good faith effort to promptly consummate their appeal to the Supreme Court of the United States, and that the jurisdiction of the parties and the subject-matter was then in that court. No further notice or action is shown to have been taken on the writ of assistance or the answers thereto. Thereafter, on February 27, 1922, the petition by the trustee for an order to lease was granted and lease approved. On February 19, 1923, the Supreme Court of the United States, Mr. Justice VanDevanter speaking for the court, held there was no ground, even remotely, to sustain the writ of error. *Rooker* v. *Fidelity Trust Co.* (1922), 261 U. S. 114, 43 Sup. Ct. 288, 67 L. Ed. 556.

If we were permitted to consider the merits of this

appeal, we would be compelled to hold that, for aught disclosed by the record, appellants were not harmed by the rulings of the court with reference to the petition for a writ of assistance, or the rulings on the answers thereto, for the reason that there is no showing that the proposed writ was ever issued, or that possession of the premises was ever surrendered by appellants on account of the rulings of the court relative to the petition.

In considering the motion to dismiss, we are advised by the record before us that an exception was taken only to the action of the court in overruling appellants' motion to set aside and vacate its order of February 27. Hence, the error assigned on that ruling is the only one having the essential prerequisite to present any question on appeal. The statute, §656 Burns 1914, §626 R. S. 1881, requires that the party objecting to any decision of the court must except at the time the decision is made, and unless this is done and the record so shows, error cannot be successfully predicated thereon. *Lewis* v. *Nielson* (1911), 176 Ind. 414; *Chicago, etc., R. Co.* v. *McBeth* (1897), 149 Ind. 78; *Banner Cigar Co.* v. *Kamm, etc., Co.* (1896), 145 Ind. 266; *Johnson* v. *Eberhart, Sheriff* (1895), 140 Ind. 210; *Aubain* v. *United Brotherhood, etc.* (1917), 63 Ind. App. 636. However, we are not unmindful of an exception to this general rule which might have been allowed in this case. It has been held that in an *ex parte* proceeding, where it affirmatively appears that the ruling complained of was made in the absence of the complaining party, he would be entitled to have his objections and exceptions noted if taken at his earliest legal opportunity. *Lewis* v. *Nielson, supra; Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 64. But, in this instance, there was no attempt to come within the exception.

In the instant case, the questioned ruling was made March 4, and the appeal therefrom was perfected on the following July 21. We must therefore conclude that appellants intended to perfect this appeal under §671 Burns 1914, §632 R. S. 1881, authorizing an appeal from final judgments only (*Crow v. Evans* [1912], 178 Ind. 661), and not under §§1392, 1392b Burns' Supp. 1921, Acts 1921 p. 741, authorizing an appeal from certain interlocutory orders and requiring the same to be perfected within thirty days from the time the ruling appealed from was made. *Perrot v. Glenn* (1916), 185 Ind. 715. Moreover, if the ruling of the court of February 27 was properly before us, then we should be able to point to a statute expressly authorizing, when strictly construed, an appeal from an order of this character. *Nisius v. Chapman* (1912), 178 Ind. 494; *Natcher v. Natcher* (1899), 153 Ind. 368. But the question here sought to be presented is based on the overruling of the motion to vacate. We are not advised of any statute expressly authorizing an appeal from such ruling.

Returning to the question of appellants' right to prosecute this appeal under §671 Burns 1914, *supra*, we are impressed with the view that such right does not exist. The judgment of the Hamilton Circuit Court, affirmed by this court on the second appeal, right or wrong, determined the rights of the parties and prescribed the duties of the trustee in and concerning the trust estate. While that judgment was final, yet the redocketing of the cause in the trial court was proper procedure. That court has jurisdiction of the parties and of the subject-matter, and to it the trustee must look for orders and directions in the due administration of the trust estate, and the cause remains on the docket for that purpose alone until final disposition. The order made February 27 was not a

final disposition of the trust, nor the approval of the sale of the particular tract of land by the trustee. It was a step in the administration of the trust, and not called in question by any objection or exception. It was, in a sense, interlocutory. But our decision must rest upon the overruling of the motion to vacate, a motion which may· well be classed as collateral.. Under such circumstances, there was no final judgment within· the purview of §671 Burns 1914, *supra*, from which an appeal may be taken. *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204; *Barnes* v. *Wagener* (1907), 169 Ind. 511.

Appellee's motion must be sustained. Appeal dismissed.

Ewbank, J., not participating.

Townsend, J., absent.