WILKINSON ET AL. *v.* FIRST NATIONAL BANK OF WHITING ET AL.

[No. 27,046. Filed April 28, 1938. Rehearing denied September 28, 1938.]

*C. Crawford McGuire, George P. Rose, Charles O. Britton,* and *T. B. Cunningham,* for appellants.

*Anderson & Hicks, C. J. James, R. L. Bailey,* and *F. Laurence Anderson,* for appellees.

SHAKE, J.—This action was commenced in the court below by the appellant Union National Savings and Loan Association against the appellees and its co-appel-

lants, Wilkinson and Wilkinson. The complaint was in a single paragraph and sought a judgment on a promissory note and for the foreclosure of a real estate mortgage given to secure the same. The appellees Mahone and Mahone and Irene Glenn filed a cross-complaint, in which they alleged that prior to the execution of the note and mortgage sued on they had entered into a contract of purchase with Wilkinson and Wilkinson for the real estate involved in the litigation; that all of said purchase price had been paid, and that they had fully performed their contract. They further alleged that the building and loan association had knowledge of their rights when it accepted said mortgage, and they prayed for specific performance and for such further equitable relief as they might be entitled to in the premises. Issues were formed on the complaint and cross-complaint and a request made to the court for special findings of fact and for conclusions of law. The court found the facts in fifteen separate findings and stated seven conclusions of law, resulting in a judgment in favor of the appellant building association for the balance due it on its note and for the foreclosure of its mortgage, junior, however, to a judgment for a purchase money lien in favor of the appellees Mahone and Mahone for $1,860.

There was no error in overruling the motion of appellants Wilkinson and Wilkinson to make the cross-complaint of appellees Mahone, Mahone, and Glenn more specific. An examination of the cross-complaint discloses that it contains every allegation suggested by the motion. The copy of the contract, made a part of the cross-complaint as an exhibit, does not appear to have been signed by one of the parties thereto, but there is an allegation in the body of the pleading to the effect that the original was signed by this party. Cross-complainants alleged that they did

not have access to the signed copy. The pleading was not defective by reason of the statute of frauds. If a contract is, in fact, signed by the party charged and it is otherwise sufficient to meet the requirements of the statute, an action may, under the proper circumstances, be maintained thereon, though the original signed copy thereof may be unavailable when the pleading is drawn. *Estep* v. *Burke* (1862), 19 Ind. 87.

Nor was there any error in overruling the demurrer of the appellant Union National Savings and Loan Association to the cross-complaint referred to above. The demurrer contained two grounds, and as to the first it is enough to say that an assignment in a demurrer that a "cross-complaint does not state facts sufficient to constitute a cause of defense to plaintiff's cause of action" is not a proper assignment. A cross-complaint is not an answer, and its sufficiency is not so measured. *Johnson* v. *Pontious* (1889), 118 Ind. 270, 20 N. E. 792. The other assignment was for want of facts to constitute a cause of action against the plaintiff. This was proper, but the scope of the demurrer was restricted to the particular points embraced in the memorandum attached. §2-1007, clause 6, Burns' Ann. St. 1933, §111 Baldwin's 1934. This memorandum raised the same objections found in the motion of Wilkinson and Wilkinson to make the cross-complaint more specific. What we have said on that subject is equally applicable to the demurrer of the building and loan association. For the same reasons we hold that the demurrer was properly overruled.

By their separate motions for a new trial appellants challenge the sufficiency of the evidence to sustain certain particular findings in the court's finding of fact. This does not constitute a proper assignment. Whether the court's findings are sustained by the evidence must be determined from a considera-

tion of the findings as a whole, and not from isolated parts thereof. *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184. The sufficiency of appellants' brief has been challenged and it is asserted, with much reason, that there has been no such compliance with the rules as will present for review any question on the evidence. We have, however, considered the evidence and we are unable to say that it does not support the special findings, in view of the restrictions placed upon this court with respect to weighing evidence on appeal. The trial court saw and heard the witnesses, and there is no such showing of undisputed evidence or of such total lack of proof as would warrant us in disturbing the trial court's findings.

Motions to modify special findings of fact and to have the court find other additional facts are not authorized by our practice. There was no error in denying the motion of the appellant building and loan association to amend the special findings of fact and to state other conclusions of law thereon. *Scott* v. *Collier, supra.*

No exceptions were taken to the conclusions of law at the time they were filed. The statute provides that: "The party objecting to the decision must except at the time the decision is made." §2-3105 Burns 1933, §455 Baldwin's 1934; *Medical College of Indiana* v. *Commingore* (1895), 140 Ind. 296, 39 N. E. 744. Appellants rely upon an exception to the rule to the effect that when counsel are not present and have no knowledge of the decision complained of, they may take their exception at the earliest legal opportunity. *Wabash Railroad Company* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Lewis* v. *Nielson* (1911), 176 Ind. 414, 96 N. E. 145; *Rooker* v. *Fidelity Trust Company* (1923), 193 Ind. 450, 141 N. E. 4. Although the record is silent as to the presence of appellants' counsel at the time of the

court's action, there is no showing that they had no knowledge thereof. No effort was made to claim exceptions for more than twenty days after the conclusions were filed. During all of that time the court was in regular term. Appellants have not shown diligence in saving their exceptions.

The record presents no reversible error. The judgment is affirmed.