DANIEL BUCK *vs.* MOSLEY & MALLORY.

One partner cannot apply the partnership funds or securities to the discharge of his own private debts without the consent of the members of the firm.

If a member of a copartnership firm should thus apply the firm effects, no title is divested in favor of such separate creditor, whether he knew it to be partnership property or not.

*Minor* v. *Gaw et al.,* 11 S. & M. 326, cited and confirmed.

The record must show affirmatively that an issue was submitted to the jury which they were sworn to try, otherwise the judgment will be erroneous.

IN error from the circuit court of Noxubee county; Hon. John Watts, judge.

Mosley & Mallory, copartners in making and laying brick, sued Buck in assumpsit, on an account, for $89.30, — items, brick furnished and laid in building; non assumpsit and payment were pleaded, and issues joined.   Mosley & Mallory introduced a witness, who deposed that he was present when Mallory, one of the partners, and said Buck tried to settle; that Buck admitted the correctness of the account sued on.   Witness says Mallory admitted that, at the time Buck contracted with him for the work and materials, that he, Mallory, agreed to let the value of said work and materials go as a credit or credits on his individual two notes to Buck; and said Mallory admitted that, at the time he contracted with Buck, he did not mention the copartnership to said Buck, and that he did not know whether the said Buck then knew of the copartnership. Witness further testified, that, after Mallory and Buck agreed upon the correctness of the account, he, witness, (in presence of both of them,) by direction of Buck, credited the amount of said account on Mallory's two notes, in Mallory's presence; that one of the notes would have been discharged by the credit; the two notes were on one piece of paper, and as Buck was about to sever them, for the purpose of delivering up the one that was to be discharged by the credit, Mallory, for the first time, objected to that mode of settlement, until he could consult with his partner, Mosley.   Another witness was introduced on behalf of the plaintiffs below, who testified that he presented the account to defendant, Buck, before it was sued on; that said Buck admitted the items and prices charged in said account to be correct, but said that he knew nothing about the copartnership when he contracted with Mallory to credit the amount of the work and labor on his two notes.

Defendant, Buck, then offered to introduce as evidence Mallory's two notes to him, with credits entered on them to the amount of the account sued on, in proof of payment; which was objected to by the plaintiffs, unless the consent of Mosley, the other copartner, was proven to have been given; which objection was sustained.   Defendant then offered to prove by a

witness, that the copartnership between the plaintiffs was a secret one; and that plaintiff, Mallory, alone was engaged in making brick, and doing work as a brick-mason; that plaintiff, Mosley, took no part in the management of the affairs of the concern, was not a brick-mason, but following other pursuits; that Mallory was, at the time of making the contract with Buck, in doubtful circumstances, and is still in that condition; which was all objected to by the plaintiffs, and the objection sustained by the court. The defendant then offered to prove that Mallory had repeatedly stated to witness, while engaged in doing the work, that the contract between him and Buck was, that the value of the work and materials was to go as a credit upon the notes of Mallory to Buck, which notes Mallory said were given for the land off which he got the wood to burn the brick used; and the court ruled it out.

*Guion & Baine*, for plaintiff in error.

*Foote & Ruff*, for defendants in error.

M. Justice YERGER delivered the opinion of the court.

This was an action of assumpsit brought by the defendants in error on an account for bricks sold and work done for the plaintiff in error. On the trial below, the defendant offered evidence to show that he had made an agreement with Mallory, one of the plaintiffs, that the price of the bricks and work should be applied towards the payment of an individual note of Mallory held by the defendant; and that, when he made this agreement, he was ignorant that Mosley was a copartner of Mallory, and interested in the bricks and work. This testimony the court excluded. It is said that the court erred in excluding this testimony. But we do not think so. The true rule of law on this subject is laid down by the Supreme Court of the United States in *Rogers* v. *Batchelor*, 12 Peters, R. 232, where it is held, that " one partner cannot apply the partnership funds or securities to the discharge of his own private debt without their consent; and that, without their consent, their title to the property is not divested in favor of such separate

creditor, whether he knew it to be partnership property or not. In short, his right depends, not upon his knowledge that it was partnership property, but upon the fact whether the other partners had assented to such disposition or not." The correctness of this rule has been recognized by this court in *Minor* v. *Gaw*, 11 S. & M. 326, and we adhere to it. We do not find any error in the action of the court excluding the testimony offered by the defendant, or in the instructions given to the jury.

But there is an error in the record, for which this cause must be reversed. It does not appear that the jury were properly sworn. The record says that the jury "was sworn to try causes, and upon their oath do say," &c.

By frequent decisions, it has been held, that the record must show affirmatively that an issue was submitted to the jury, which they were sworn to try; otherwise the judgment is erroneous. 1 How. 24, 30; Jb. 496.

Judgment reversed, and cause remanded.