June Term,
1860.

SAUNTRY
v.
DUNLAP.

12  364
109  163

SAUNTRY VS. DUNLAP.

The funds of a partnership cannot rightfully be applied by one partner to the discharge of his own separate debt, without the assent, express or implied, of the other partners.

Where one partner, without the consent of his copartner, mortgaged an undivided half of certain partnership property, to secure his own separate debt, and a third party purchased such property, and promised to pay the mortgagee one-half its value, but was afterwards compelled to pay the full value thereof as garnishee, under an attachment sued out by a creditor of the firm, it was *held*, that the consideration of his promise to pay the mortgagee had wholly failed, and the promise could not be enforced.

APPEAL from the Circuit Court for *La Fayette* County.

The plaintiff, *Joanna Sauntry*, sued, before a justice, to recover the price of a small quantity of mineral ore, and obtained judgment for $12 96 and costs, from which the defendant appealed to the circuit court. It appears from the evidence that the plaintiff received, on the 8th of January, 1859, from one Sullivan, a mortgage upon an undivided half of a lot of wash dirt, or mineral ore, then lying at certain diggings worked by said Sullivan and one Harrington, to secure a debt of $15 35, due her from Sullivan. About the 15th of April, 1859, the defendant agreed with the plaintiff and Sullivan to take the mineral at $25 92, and *pay the plaintiff one-half* of that sum. The defendant took the mineral. On the 18th of the same month, one Baxter sued out an attachment against Harrington and Sullivan, for debts incurred in their mining operations, under which attachment *Dunlap* was summoned as garnishee, and answered, admitting his indebtedness to them in the sum of $25 92, the price of said lot of mineral ore, and judgment was rendered against him for that sum, including costs, which he paid. Of this claim of Baxter, eight dollars accrued before the date of the plaintiff's mortgage, and the balance afterwards. There was evidence tending to show that at the time of issuing the attachment, Harrington and Sullivan had no property out of which Baxter's claim could be collected, unless the money due from *Dunlap* was applied to its payment. There was also proof that Harrington and Sullivan rented the land

on which their shaft was situated, from Baxter, and that Harrington had executed a mortgage on one undivided half of the mineral, to Baxter, to secure his individual debt, "in the fore part of the winter" of 1858–9. The rest of the evidence will sufficiently appear from the opinion of the court. The circuit court affirmed the judgment of the justice, and the defendant appealed.

June Term, 1860.

SAUNTRY v. DUNLAP.

*L. P. Higbee* and *J. H. Knowlton*, for appellant, contended that the evidence showed a partnership between Sullivan and Harrington (15 Wend., 193; 18 id., 175; 9 John., 496; 1 Selden, 186); that the mortgage of a part of the partnership property by one of the firm for his individual debt, without the consent of his co-partner, gave the mortgagee no title as against the firm or its creditors (2 John., 280; 4 id., 251; 16 id., 38 and 106; 1 Am. Lead. Cases, 449), especially as the ore in controversy was the only partnership property, and was not more than sufficient to pay the claim of Baxter, with costs; and that, as the plaintiff had no title to the ore, the defendant's promise was without consideration.

*Wakeley & Tenney*, for respondent, contended that Sullivan and Harrington were tenants in common of the land, and held the mineral in the same way, each giving a mortgage on one-half thereof for his individual debt; that Baxter, by accepting such a mortgage from Harrington, became half owner of the mineral which he afterwards sought to treat as partnership property; and that neither the joint purchase of articles for their mining operations, nor their agreement to divide the mineral, made them partners, since it did not appear that the *proceeds* were to be divided, or expended on joint account. Coll. on Part., §§ 10, 20, 21; 1 Hill, 234; 15 Barb., 595.

*By the Court*, COLE, J. It was very ingeniously argued by the counsel for the respondent in this case, in support of the judgment of the circuit court, that Sullivan and Harrington were not partners in the business of mining, but that they were really tenants in common; and that consequently the mineral or lead ore which was the product of this business,

July 30.

was not partnership property, but was owned by them as tenants in common, so that each party could dispose of his own share of the same for the payment of his individual debt. It must be admitted that there is considerable force in this view of the case, but still we do not think that it is the correct view, or the one sustained by the facts as disclosed in the evidence. The respondent testified that Harrington and Sullivan were partners in the diggings; Baxter states that goods for the diggings were charged to them jointly; while Harrington swore that he and Sullivan took and worked the ground, from which the mineral was taken, as partners; that they were to pay the debts and expenses against the diggings equally, and share the balance between them, &c. It is, however, said, that even upon this testimony, Harrington and Sullivan were not properly partners, but tenants in common, since it appeared they were to divide the mineral, and not the proceeds thereof after sale, and their relation is likened to that which exists between two persons who agree to work a farm on shares and to divide the crops, each taking his own share as a compensation for his labor. In the latter case the parties have been held to be tenants in common in the products, and not partners. *Putnam and others vs. Wise*, 1 Hill, 234; *Dinehart vs. Wilson*, 15 Barb. S. C. R., 595, and cases there cited. But we think a fair construction of the evidence shows that Harrington and Sullivan understood and supposed that they were carrying on the mining business as partners, that the expenses thereof were to be placed to their joint account, and that they contemplated a sale of whatever mineral they might discover, and a division of the proceeds. That a communion of profit and loss—the distinguishing characteristic of a partnership—may exist in a mining adventure, as well as in any other branch of business, probably will not be disputed or denied. (See *Jefferys vs. Smith*, 1 J. & Wal., 293.) That the parties so regarded the nature and incidents of this mining business, is equally clear from the evidence.

Under the facts and circumstances of this case, therefore, we deem it fair to assume, that the mineral or lead ore which Sullivan mortgaged to the respondent, was partnership prop-

June Term,
1860.

· SAUNTRY
v.
DUNLAP.

erty, and the question arises, could he, without the knowledge or consent of his co-partner, sell or transfer his interest or share in that property, for the purpose of securing his individual debt, and would the purchaser hold the property, as against the partnership or its creditors? It seems to be well settled that the funds of a partnership cannot be rightfully applied by one partner to the discharge of his own separate debt, without the assent, express or implied, of the other partner, and that to do so is equally injurious to the partners and the creditors of the firm. The cases upon this subject are very fully collected in the note to *Rogers vs. Batchelor*, 1 American Leading Cases, 446. The creditors of the firm have the right to be first paid out of the partnership property, and when partnership stock has been applied in satisfaction of a private debt, due from one of the partners, it has been deemed fraudulent as to the creditors of the company.

It seems the respondent was well aware that Harrington and Sullivan were partners in the diggings, and she must therefore have known that it was partnership property which the latter attempted to mortgage to her. The mineral being partnership property, it follows that the joint creditors had a primary claim upon it for the payment of their debts. The appellant was garnisheed at the suit of a creditor of the firm of Harrington and Sullivan. He appeared and answered, and being indebted to the defendants in that suit for this mineral, judgment was rendered against him as garnishee for the value thereof, and this judgment was paid. That certainly ought to be considered a sufficient answer to this action. It is true the appellant testified that there was an understanding between him and Sullivan and *Mrs. Sauntry*, that he was to pay the latter the value of one-half of this mineral. He supposed then he was getting a good title to Sullivan's share, and this was the consideration of that arrangement or understanding. But Sullivan having no authority to appropriate this partnership property to the payment of his own individual debt, and a creditor of the firm pursuing that property in the hands of the appellant, it is very clear that the consideration of the promise, or under-

June Term,
1860.

standing with the respondent, wholly failed. And having rightfully paid once for the mineral, he ought not to be compelled to pay again.

The judgment of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.