TRAWEEK v. PECOS & N. T. RY. CO. et al.
(No. 2722.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 3, 1926. Rehearing Denied Dec. 1, 1926.)

1. Carriers ⬛94(5)—Evidence of conversion by railroad of shipment under bill of lading by one other than owner held for jury.

Evidence as to conversion by railroad of oil well casing billed for shipment by one other than owner held to present question of fact for jury.

2. Partnership ⬛212, 217(3)—Partner may not recover for conversion of partnership property without alleging reasons for acting in own name, or proof of extent of interest in damages.

Member of partnership may not recover for conversion of partnership property, in absence of allegations of reasons why he should be permitted to sue and recover in his own name or proof of the extent of his interest in any damages that might be sustained.

3. Appeal and error ⬛1178(8)—Erroneous judgment on merits for defendant in partner's action for conversion of firm property held not sustainable because plaintiff had failed to allege reasons justifying individual suit, he being entitled to remand for amendment.

Judgment for defendant on verdict erroneously directed in partner's action for conversion of partnership property *held* not sustainable on theory that plaintiff had not alleged reason why he should be permitted to sue individually, plaintiff being entitled to remand with leave to amend.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Suit by A. C. Traweek against the Pecos & Northern Texas Railway Company and the Panhandle & Santa Fé Railway Company, subsequently dismissed as to defendant first named. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Bouldin & Fish, of Matador, for appellant. Terry, Cavin & Mills, of Galveston, Madden, Adkins & Pipkin, of Amarillo, and Kenneth Bain, of Floydada, for appellee.

JACKSON, J. This suit was instituted by A. C. Traweek in the district court of Floyd county, Tex., against the Pecos & Northern Texas Railway Company and the Panhandle & Santa Fé Railway Company, to recover the sum of $3,000 as damages for the alleged conversion by defendants of a carload of oil well casing.

The plaintiff alleged that on or about the 18th day of May, 1925, he was the owner and in possession of 3,000 feet of oil well casing, and that on or about that date the Panhandle & Santa Fé Railway Company, by some means unknown to him, and without any right so to do, obtained possession of said oil well casing, and had said casing in its possession in Floyd county, Tex.; that while the casing was in the possession of said defendant at Floydada in Floyd county, Tex., and before the same had been billed out, he notified the defendant that he was the owner of said casing and requested that it be delivered to him and not be shipped out by the railway company; that the casing was held at Floydada for several days after he had given them notice of his ownership thereof, but the defendant refused to deliver the casing to the plaintiff and converted it to its own use and benefit, or to the use and benefit of other persons unknown to plaintiff, and wrongfully deprived him of the casing and the value thereof, on or about the 20th day of May, 1925, in Floyd county, Tex. He sufficiently pleads the measure of his damages and that by reason of the conversion of the property by the defendants, or one of them, he had been damaged in the sum of $3,000, and prays judgment therefor.

---

⬛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant the Panhandle & Santa Fé Railway Company answered by general demurrer, special exceptions, and general denial, and specially pleaded that its codefendant, the Pecos & Northern Texas Railway Company, was not, at the time alleged in plaintiff's petition, operating the line of railway extending from Floydada, but that said line of railway was at all times being operated by the Panhandle & Santa Fé Railway Company; that it did not receive the property from plaintiff and had no negotiations or dealings with plaintiff, or any one purporting to act for him, relative thereto; that on or about May 11, 1925, F. W. Strang applied to it as a common carrier for cars in which to transport certain oil well machinery from Floydada to Amarillo, Tex., which, in performance of its legal duty, it furnished, and with which the said Strang tendered to the defendant for transportation certain oil well casing, which was loaded on May 13, 1925, and on May 16th thereafter defendant issued a bill of lading to the said Strang covering the shipment, and at such time it had no information from plaintiff that he claimed or owned said casing; that on the morning of May 18th, its agent at Floydada was informed by the sheriff of Floyd county that the sheriff of Motley county was en route to stop the movement of said shipment, and on May 19, 1925, the shipment moved from Floydada on the regular freight train of defendant, and at no time did the plaintiff assert any right in and to said shipment until he caused a writ to be served on the agent of the defendant on May 20, 1925, at which time the casing was not in Floyd county, Tex., but was then in course of transportation; that under the facts and circumstances, it, as a common carrier, was compelled to accept the casing and issue its bill of lading therefor, and no legal duty rested upon it to question the title of said F. W. Strang, the shipper, or to refuse to receive and transport the casing; and that it did not convert said oil well casing, but it transported the same according to the shipping directions given by the apparent owner and shipper, and in all things performed its duties as a common carrier.

The plaintiff pleaded a general denial in reply to defendant's answer. The plaintiff dismissed the Pecos & Northern Texas Railway Company from the case, and prosecuted his suit against the Panhandle & Santa Fé Railway Company alone.

The case was tried with the aid of a jury, and at the conclusion of the testimony the court peremptorily instructed a verdict for the defendant. In compliance with this instruction, the jury returned its verdict, and the court rendered judgment that plaintiff take nothing by his suit, from which judgment the plaintiff, who is appellant, prosecutes his appeal against the Panhandle & Santa Fé Railway Company, the appellee.

The appellant presents as error the action of the trial court in directing a verdict against him and in favor of the defendant, because the testimony on the trial of the case presented issues of fact for the determination of a jury.

[1] Without giving the testimony in detail, it tends to show that the casing in controversy was delivered to the appellee by F. W. Strang before May 15, 1925, at Floydada, Tex., for shipment; that on said May 15th, and while said casing was still in possession of appellee in Floyd county, F. J. Barkhurst, who was the agent of appellee at Floydada, was notified by appellant's agents that the casing was not the property of F. W. Strang and has never been, but that it belonged to the appellant, or that he had the care and control of it, and that he did not want it shipped out, and had secured an injunction in the court of Motley county, restraining Strang from removing the property; that appellant's agents, who were his attorneys, would probably dissolve the injunction and secure a writ of sequestration for the possession of the property, which was done; that on the 18th day of May the sheriff of Floyd county notified the said F. J. Barkhurst that the sheriff of Motley county had advised him that a writ was issued out of the court to stop the casing and that the sheriff of Motley county had asked him, the sheriff of Floyd county, to notify the railway company of the issuance of said writ; that the shipment of the casing left Floydada, the county seat of Floyd county, on the morning of May 19th, for Fort Worth, Tex., to which point it was in due course transported.

This testimony was, in our opinion, sufficient to present, as a question of fact to be determined by the jury, the conversion of the casing by appellants. Liefert et al. v. Galveston L. & H. Ry. Co. et al. (Tex. Civ. App.) 57 S. W. 899; 4 R. C. L. p. 842, par. 295; 10 C. J. p. 261, par. 376.

[2] Appellee contends that inasmuch as appellant alleged that he was the owner of the casing, and the proof disclosed that the casing was the property of the Minneapolis Corporation, a copartnership, and the extent of appellant's interest is not shown, the court did not commit error in giving a peremptory instruction in its favor, because no other judgment could have been rendered.

Appellant alleged that he was the owner and in possession of the oil well casing. He admitted, while testifying, that the casing belonged to a copartnership called the "Minneapolis Corporation"; that "Minneapolis Corporation" was just a trade-name, was not a corporation, but was a firm; and that he was interested in the casing and the other members of the copartnership were interested in the casing. He makes no allegations that would authorize him to sue in his own name and recover the damages sustained by

the copartnership, nor does he allege or prove the extent of his interest in the copartnership property.

"The conversion of the goods of a partnership is a tort committed against the firm, i. e., against both parties, and generally they should join in the action to recover the damages to their joint property. Barker v. Abbott, 2 Tex. Civ. App. 149, 21 S. W. 72. If there were special reasons why one of the partners should be permitted to sue on behalf of himself and his partner and recover the entire damages, the same should have been alleged and proved; and, as there is no effort in this petition to state such a case, it seems logical that plaintiff would be confined to damages that he himself had sustained by the levy." Houghton et al. v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583.

"A partner we do not think can recover the entire value of the property regardless of his interest therein. He should allege and show his damage and interest." Amarillo National Bank v. Harrell et al. (Tex. Civ. App.) 159 S. W. 858.

Appellant having failed to allege any reason why he should be permitted to sue in his own name in behalf of the partnership, and recover in his own name, the entire damage sustained by the partnership, and having failed to prove the extent of his interest in any damages that might have been sustained, we think appellee's contention is sound that under the facts and circumstances revealed by this record, no other judgment could have been rendered.

[3] It does not follow, however, that the judgment of the trial court must be affirmed.

In Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003, the bank sued the city upon certain coupon notes, and the city pleaded its want of authority to execute the obligation. The case was tried before the court and judgment rendered for the defendant city. In this case the Supreme Court says:

"Neither the pleadings nor the proof, in the record before us, presents the case so as to authorize a judgment of the nature indicated by us as being proper. Strictly speaking, no judgment, other than the one from which the appeal was taken, could have been rendered. We think it right, however, to give the appellee an opportunity to amend his pleadings, and have the issues so presented as to show what proportion of the debt sued on he may be entitled to recover under the rules that we here announce."

It is manifest from a reading of the opinion that the word "appellee" was inadvertently used for "appellant."

In Moon Buggy Co. v. Moore-Hustead Co. (Tex. Civ. App.) 196 S. W. 328, the court says:

"The plaintiff's allegations showed facts which entitled it to the possession of the property, not as owner, but as mortgagee. * * * Under the law, as we understand it, appellant could not recover possession of the buggies as owner; but, it being shown that appellant holds

a mortgage on the buggies, it would be inequitable to allow the judgment of the lower court to stand, and it will be reversed, and appellant allowed to amend and allege the proper grounds for relief, and upon which he is entitled to recover."

In harmony with the above holdings, we note Combes et al. v. Stringer et al., 106 Tex. 427, 167 S. W. 217; Camden Fire Ins. Co. v. Yarbrough ,(Tex. Com. App.) 215 S. W. 842; Summerhill v. Hanner et al., 72 Tex. 224, 9 S. W. 881.

These authorities announce that the more equitable rule is to reverse and remand the cause under such circumstances as this record reveals.

Hence the judgment is reversed and the cause remanded.