### TRAWEEK et al. v. PANHANDLE & SANTA FÉ RY. CO. (No. 2884).

Court of Civil Appeals of Texas. Amarillo. Oct. 19. 1927.

Carriers ⬖94(3)—Evidence held insufficient to support jury's finding that shipper owned oil well casing alleged to have been converted by carrier.

In action against railroad for conversion of carload of oil well casing, evidence *held* insufficient to support finding of jury that shipper was owner of property alleged to have been converted.

Appeal from District Court, Floyd County; Chas. Clements, Judge.

Action by A. C. Traweek against the Panhandle & Sante Fé Railway Company and another, in which the Minneapolis Oil Corporation and another intervened. Judgment for defendant named after dismissal as to the other defendant, and plaintiff and interveners appeal. Reversed and remanded.

Bouldin & Fish, of Matador, for appellants.
Terry, Cavin & Mills, of Galveston, Madden, Adkins & Pipkin, of Amarillo, and Kenneth Bain, of Floydada, for appellee.

JACKSON, J. A. C. Traweek, plaintiff, instituted this suit in the district court of Floyd county, Tex., against the defendants, the Pecos & Northern Texas Railway Company and the Panhandle & Santa Fé Railway Company, to recover the sum of $3,000 as damages for the alleged conversion by said railway companies of a carload of oil well casing.

The Minneapolis Oil Corporation, an unincorporated joint-stock company, and J. F. Schefick, intervened in the suit, setting up

---

their alleged interest in the oil well casing, and adopted the pleading of A. C. Traweek against the defendants.

The defendants answered and plaintiff and interveners dismissed their suit against the Pecos & Northern Texas Railway Company. The Panhandle & Santa Fé Railway Company pleaded, as a defense, that the casing was tendered to it by F. W. Strang, for shipment, and, in compliance with its duty as a common carrier, it received and transported the casing, and was not guilty of conversion.

This is the second appeal of this case to this court, and a sufficient statement of the pleadings will be found in the former opinion reported in 288 S. W. 843.

The testimony as to the liability of the defendant against which the suit was prosecuted is substantially the same as the statement thereof made in the former opinion, in which the case was reversed.

On the last trial the court submitted to the jury for their determination whether or not the defendant, on or about the 18th of May, 1925, had in its possession the oil well casing in controversy, which had been left with it for shipment, advising the jury that, if this issue were answered in the affirmative, then to answer how many feet there were of such oil well casing; who were the true owners thereof; the reasonable market value thereof; whether the defendant shipped the oil well casing from Floydada, Tex.; and whether or not it was given notice before the shipment that the true owners thereof were the plaintiff and the interveners; and if it was shipped without their consent.

At the request of the defendant, some special issues were given, but they are not material to a disposition of the appeal. The jury answered but one of the issues submitted, which was that F. W. Strang was the owner of the casing in controversy. Before receiving this verdict, the court called attention to the fact that none of the other special issues were answered, and answers to the other special issues were waived by counsel, and, upon this finding, the court entered judgment in favor of the defendant, and that the plaintiff and interveners take nothing by their suit, from which judgment the plaintiff and interveners, who will hereafter be called appellants, prosecute this appeal.

The appellants challenge, as error, the action of the trial court in rendering judgment against them on said finding of the jury, because the testimony did not warrant such verdict nor authorize a judgment thereon, as the evidence was insufficient to show that F. W. Strang was the owner of the casing in controversy.

We have read the record carefully, and because, in our opinion, the testimony is insufficient to support the finding of the jury that F. W. Strang was the owner of the casing in controversy, this assignment is sustained. The testimony affirmatively show that the appellants were the owners of the casing; the only circumstance tending to show that F. W. Strang was the owner thereof being the fact that he ordered cars and tendered the casing to the railway company for shipment.

The bill of lading was not signed by F. W. Strang, but is signed "F. W. Strang, Shipper, per O. O. C.," and there is no testimony in the record to reveal by whom this instrument was signed or the identity of the party who signed it, or for whom these initials stand.

Appellants assign, as error, the conduct of the jury during its deliberation on its verdict. We deem it unnecessary to pass on this assignment, in view of the reversal of the case for insufficient testimony to support the finding that F. W. Strang was the owner of the property, but it is interesting to note that the testimony of the jurors taken on the motion for rehearing discloses that the consensus of opinion among the jurors was that F. W. Strang should have been sued, and ought to be made pay for the casing instead of the railroad company, and some of them were of the opinion that he should have been indicted for the theft of the property. The writer is unable to comprehend by what course of reasoning a juror could reach the conclusion that F. W. Strang was the owner of the property, and, at the same time, conclude that he should be indicted for its theft.

Appellant's assignments challenging as error the action of the court in admitting certain testimony are not tenable, and are therefore overruled.

Because, in our opinion, the testimony is insufficient to support the finding of the jury that F. W. Strang was the owner of the property, the judgment is reversed and the cause remanded.